## John Weiser, Appellant, *v.* John K. Zeigler, Trustee.

*Will—Life estate—Bequest of income.*

Testator by his will bequeathed certain bonds to his grandsons, J. and H., to be delivered to them upon their majority.  By a codicil he directed that the bonds should be held by his executor " in trust for the said J. and H., that is to say ; he shall pay them the said J. and H., and their several and respective heirs the annual premium at six per cent. currency, if he receives that sum, and at such times as he receives the same, pay them the same, forever hereafter, and in case any or both of them should die without heirs or children, then in that case I give and bequeath his or their share to my son K., his heirs and assigns forever." *Held*, (1) that the grandsons took merely a life interest in the bonds ; (2) that the corpus was not vested in the legatees because of the provision that, in case the legatees " should die without heirs," the funds should go to a third person ; (3) that the bequest did not violate the rule against perpetuities.

Argued May 18, 1899.  Appeal, No. 207, Jan. T., 1899, by plaintiff, from judgment of C. P. York Co., Aug. T., 1899, No. 4, on case stated.  Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Case stated to declare a trust.

The facts appear by the opinion of STEWART, J., which was as follows·:

This is a case stated for the opinion of the court involving the construction of the will of John E. Zeigler.  The testator in his will provided as follows :  " I give, devise and bequeath unto my grandson, John Weiser, his heirs and assigns, and unto my grandson, Henry Weiser, his heirs and assigns, each two thousand dollars worth of Union Pacific Railroad bonds to be paid to them by my executor hereinafter named as they severally arrive at lawful age and not sooner.  And in case any of them should die in his minority, then the survivor to

inherit his share; and in case they both should die in their minority, then in that case I give and bequeath the said four thousand dollars worth of Union Pacific Railroad bonds to my grandsons John S. Zeigler, Paül Hildebrand and John Clinton Zeigler, share and share alike, their heirs and assigns," and appointed his son John K. Zeigler executor of his said will.

More than five years afterward, the testator added a codicil to his will as follows: " Whereas in my said will I have given and bequeathed unto my grandson John Weiser, his heirs and assigns and unto my grandson Henry Weiser, his heirs and assigns, each two thousand dollars worth of Union Pacific Railroad bonds to be paid to them by my executor therein named as they severally arrive at lawful age and not sooner, I do hereby declare that my will is that the said four thousand dollars worth of Union Pacific Railroad bonds shall be held by my son, John K. Zeigler in trust for the said John Weiser and Henry Weiser, that is to say; he shall pay unto them, the said John Weiser and Henry Weiser and their several and respective heirs the annual premium at six per cent. currency, if he receives that sum and at such times as he receives the same, pay them the same forever hereafter, and in case any or both of them should die without heirs or children, then in that case I give and bequeath his or their share to my son John K. Zeigler, his heirs and assigns forever."

The purpose of the case stated is to determine the trust and require the trustee to hand over to the cestui que trustent the corpus of said trust funds.

By the provision in the original will of the testator these two funds are given absolutely payable to the legatees on their arriving at their majority, this being the only condition. Both have now attained their majority and John Weiser, the plaintiff in this case, is married and has two children living, aged respectively nineteen and fourteen years, and Henry Weiser, the other legatee is unmarried. So that, but for the codicil the legatees would now be entitled to receive the said legacies absolutely. But under this codicil the bonds are directed to be held by John K. Zeigler, the executor, " in trust for the said John Weiser and Henry Weiser, that is to say, he shall pay them the said John Weiser and Henry Weiser and their several and respective heirs the annual premium at six per cent. if he

receives that sum and at such times as he receives the same forever hereafter," and in case any or both of them should die without heirs or children then in that case I give and bequeath his or their share to my son John K. Zeigler, his heirs and assigns forever. By this provision the testator intended to entirely change the original purpose of his will. It took away the bequest to his two grandsons of the corpus of the funds and placed it in trust, and gave them only the interest. But it is contended that as he directed the interest to be paid to them and their several and respective heirs forever, it is a gift of the corpus of the funds to them absolutely. The direction to pay over the interest to them and their several and respective heirs "forever" is impossible of performance, and this the testator would of course understand and therefore it may be assumed that he did not mean this. It is evident that the change made by the codicil, putting the fund in trust, was intended to preserve the corpus of the estate for them during life, they to receive the interest and at their death, if they left heirs or children, the principal to go to such children or their heirs. The gift of the income of a fund does not carry the principal except where there is no limitation over: Millard's App., 87 Pa. 457; Roberts's App., 59 Pa. 70; Bentley v. Kauffman, 86 Pa. 100. It will be observed that there is in the codicil nothing to indicate that the testator intended that the principal of the fund should ever vest in the legatees. In the original will there was plainly and specifically such an intention. It may therefore safely be assumed that he intended by the codicil to prevent this. So that to construe the will as now claimed by the legatees, would be to fly in the face of the testator's clear purpose. It is contended, however, that the provision in the will directing "in case any or both of them should die without heirs or children, then in that case I give and bequeath their share to my son John K. Zeigler, his heirs and assigns forever," evidences an intention to vest the principal in the legatees, and which under the construction of the words " die without heirs or children," gives them an absolute estate in the fund. I cannot agree with this contention. Even where the corpus of the fund was first given to the legatee and then placed in trust, and where the will provided in reference thereto, "in case the said Martin Eichelberger should die and leave no legitimate

heirs of his own body, then the sum so bequeathed to him shall revert to my other heirs," it was held that he took only a life estate : Eichelberger's Estate, 135 Pa. 160, and cases cited.

Nor am I convinced that the bequest violates the rule against perpetuities.

In accordance with the case stated I therefore direct judgment to be entered in favor of the defendant, the costs to be paid as therein provided.

*Error assigned* was in entering judgment for defendant on case stated.

*J. W. Latimer*, with him *Robert J. Lewis* and *George S. Schmidt*, for appellant, cited Smith's App., 88 Pa. 495; Davenport v. Harris, 3 Grant, 164; Coggins's App., 124 Pa. 11; Eichelberger v. Barnitz, 9 Watts, 447; Hackney v. Tracy, 137 Pa. 53; Hoff's Est., 147 Pa. 636; Smith's App., 23 Pa. 9; Rewalt v. Ulrich, 23 Pa. 389; Train v. Fisher, 15 S. & R. 145; McCormick v. McElligott, 127 Pa. 230; King v. Frick, 135 Pa. 575; Mickley's App., 92 Pa. 514; Coles v. Ayres, 156 Pa. 197; Hellman v. Hellman, 4 Rawle, 450; Hillsee's Est., 83 Pa. 312; Millard's App., 87 Pa. 457; Garret v. Rex, 6 Watts, 14; Campbell v. Jamison, 8 Pa. 498; Criswell's App., 41 Pa. 288; Hiester v. Yerger, 166 Pa. 445; Dodge's App., 106 Pa. 216; Karker's App., 60 Pa. 155.

*Joseph R. Strawbridge* and *Frank Geise*, for appellee, offered no printed or written brief.

PER CURIAM, July 19, 1899:

The judgment in this case is affirmed on the opinion of the learned court below.