# West's Estate.

*Will—Legal and equitable estates—Life estate—Rule in Shelley's case.*

Testator gave to a trust company a sum of money in trust for a nephew and niece "the net income to be paid in equal amounts quarter yearly to said nephew and niece during their lives, and at their deaths the principal to their respective heirs. In case I survive them, or either of them, then the principal of his or her portion to his or her heirs." The nephew died after the testator leaving a widow and collateral kin, but no issue. *Held*, (1) that the estate in the first taker was equitable, and that to the heirs was legal; (2) that the two estates did not coalesce, and that the rule in Shelley's case did not therefore apply; and (3) that as in a gift of personalty heirs are synonomous with the next of kin, the widow of the nephew was entitled to share.

Argued Jan. 12, 1906. Appeal, No. 346, Jan. T., 1905, by Thomas Sweeney, Executor of George W. West, deceased, from decree of O. C. Phila Co., Oct. T., 1902, No. 199, dismissing exceptions to adjudication in Estate of Charles W.

West, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Charles W. West, testatator, left a will by which he gave all of his estate to his executors in trust, inter alia, "to Charles W. West, or his heirs, twenty-five thousand dollars; to Edward G. West, or his heirs, forty thousand dollars; to the Philadelphia Trust, Safe Deposit and Insurance Company, $40,000.00, in trust for George W. West and Rebecca West, children of said Samuel C. West, to be invested by said Company in accordance with the laws of the State of Pennsylvania, the net income to be paid in equal amounts quarter yearly to said George W. West and Rebecca West, during their lives, and at their deaths the principal to their respective heirs, less the legal charges of said Company. In case I survive them or either of them, the said George W. West or Rebecca West, then the principal of his or her portion, to his or her heirs."

PENROSE, J., filed an adjudication which was in part as follows:

The present account is of the half so held for George W. West, who, as represented to the court, died May 23, 1905, without children or issue, leaving a wife, Laura V. West, a sister, Emma W. Brown, and nephews and nieces, children of deceased brothers and sisters, as set forth in the petition for distribution hereto annexed, to whom as his " heirs," the share of principal so held with such income as may have accrued since his death, now passes, viz.: one-half to the wife and the other half, per stirpes, to the sister and nephews and nieces. The authorities on the subject are referred to more fully in the adjudication of the account of the share of Rebecca W. West—the principle being thus stated in Hawkins on Wills, 92: " Where the subject of the gift is personalty, the word heirs, in a limitation to the heirs of the first taker, either substitutionally or by way of succession, is understood as meaning the persons entitled under the statutes of distribution in case of intestacy."

It was contended under the familiar principle which gives

to the first taker the whole estate, where a life estate to him
is followed by a limitation to his heirs, that George W. West
was the absolute owner, and that the fund should now be
awarded to his executor for the purposes of his will; but this
principle has no application unless the estate to the ancestor
and that to the heirs are of the same quality—both legal or
both equitable: 4 Kent, 430; and here the gift to the cestui
que trust is equitable, with active duties to be performed by
the trustee, and that to the heirs is legal: Bacon's Appeal, 57
Pa. 504; Dunn's Appeal, 85 Pa. 94; Little v. Wilcox, 119 Pa.
439, etc.   The subject is one which has come before this
court in numerous cases, among which are: Boyd's Estate,
199 Pa. 487, and Bouvier's Estate, 12 Pa. Dist. Rep. 149, and
what is there said need not now be repeated.   The claim of the
executor of George W. West is, therefore, disallowed.

On exceptions to adjudication ASHMAN, J., filed the follow-
ing opinion:

The testamentary trust of $40,000 was in these words: "In
trust for George W. West and Rebecca West, to be invested
in accordance with the laws of the State of Pennsylvania, the
net income to be paid in equal amounts quarter yearly to said
George W. West and Rebecca West, during their lives, and at
their deaths the principal to their respective heirs.   In case I
survive them or either of them, then the principal of his or her
portion to his or her heirs."   George W. West afterwards died,
leaving a widow, and a sister, and nephew and nieces, but no
issue.   The auditing judge held that the estate in the first
taker was equitable, and that to the heirs was legal; that the
two estates did not coalesce, and that the rule in Shelley's
case therefore did not apply.   He decided further that in a
gift of personalty, heirs in Pennsylvania are synonymous with
the next of kin, and that the widow was entitled to share.

We think that upon principle and the authorities, many of
which he referred to, the auditing judge was right in his con-
clusions.   The trust for the first taker was definite and ended
with his life; and the words immediately following, "the prin-
cipal to his heirs," imported a direct gift to the heirs as pur-
chasers, precisely as in the next clause, where the testator pro-
vides "in case I survive, then the principal of his portion to

his heirs." The words of direct gift are in both instances manifestly implied.

It was contended at the argument that both estates were equitable ; that the will was "in trust to pay the income to the life tenant, and the trust to pay the principal to the heirs." But if the words " to pay " are inserted in the gift to the heirs, the result will not be varied. The trust for the first taker was active ; it was to invest and to pay the net income, duties which, under Bacon's Appeal, 57 Pa. 504, and many later cases, involve the performance of active duties. The trust to the heirs, assuming that a trust as to them was created, on the contrary was simply to pay, and was a dry trust which was immediately executed, and the heirs took a legal estate.

The position taken by the auditing judge that no trust existed for the heirs and that they took an absolutely legal estate, we think is the correct solution of the question, and is amply vindicated by the authorities. Among those may be named Rife v. Geyer, 59 Pa. 393, in which an active trust had been created in favor of one for life, and at his death the trustee was directed to hold the estate for the use of the heirs of the life tenant, and it was held that the heirs took a legal remainder in fee. So in Chamberlain v. Maynes, 180 Pa. 39, the trustee was empowered to convey, at the death of the life tenant, the estate to the daughter of the grantor, and it was decided that the daughter could herself convey the legal title without the intervention of the trustee. See also Renziehausen v. Keyser, 48 Pa. 351.

The exceptions are dismissed.

*Error assigned* was the decree of the court.

*J. Howard Morrison*, with him *John W. Best*, for appellant.

*Joseph H. Taulane*, with him *Ernest E. Prevost*, *Thomas Abbott McKennell* and *White, White & Taulane*, for appellee.

PER CURIAM, February 12, 1906 :

The decree is affirmed on the opinion of the court below dismissing exceptions to the adjudication.