## Beck's Estate.

*Wills—Construction—Life estate—Limitation over.*

1. The gift of the income of a fund does not carry the principal except where there is no limitation over.

2. Where a father directs his executor to invest a fund designated, and provide out of the income a home and clothing for a son, and if the son shall have children to provide for their care and education, and to distribute among them such fund at such time and in such manner as he shall see fit, and, if the son shall have no children, then over, the son takes a life estate only in the fund.

Argued May 7, 1923. Appeal, No. 287, Jan. T., 1923, by Laura Beck, Admrx. of Thomas R. Beck, deceased, from decree of O. C. Union Co., March T., 1919, No. 4, dismissing exceptions to auditor's report in estate of Samuel L. Beck, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of C. C. Lesher, Esq., auditor. Before POTTER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Laura Beck, administratrix of Thomas R. Beck, deceased, appealed.

*Error assigned,* among others, was decree, quoting it.

*C. F. Shipman,* for appellant.—Where the trust is terminated on the death of the cestui que trust, his legal representatives, next of kin, heirs, devisees or legatees take the legal estate in fee simple: Boies's Est., 177 Pa. 190; Gunnell's Est., 269 Pa. 343; Fulton v. Fulton, 2 Grant 28.

Estates in remainder vest at once upon the birth of each child and let in after-born children: Edwards's Est., 255 Pa. 358; Ferguson's Est., 31 Pa. Superior Ct. 422.

*Andrew A. Leiser,* with him *Harry M. Showalter* and *Andrew A. Leiser, Jr.,* for appellees.—Thomas R. Beck took no interest in the corpus or principal of the trust fund by Dr. Beck's will: Sheets's Est., 52 Pa. 257; Weiser v. Zeigler, 192 Pa. 394; Yetter's Est., 160 Pa. 506; Eichelberger's Est., 135 Pa. 160; Ritter's Est., 148 Pa. 577; Dull's Est., 217 Pa. 358; Xander v. Trust Co., 217 Pa. 485; Henderson's Est., 258 Pa. 510.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Samuel L. Beck died November 1, 1882, leaving a will in which he gave the income from his estate to his wife for life and further directed that after her death his property be equally divided among his children or their heirs "excepting that portion which would come to my son, Thomas Romeyn Beck," as to which he provided it should be retained by his executor and invested; out of the income derived from that interest the executor was directed to "provide a good and comfortable home and clothing for my said son and invest whatever surplus income there may be as he shall deem best," and further that "if my said son Thomas shall have children my executor is authorized to provide for their care and education out of the said portion and to distribute the said portion at such time and in such manner as he shall see fit among them and if he shall have no children then the said portion, together with all additions thereto, shall be divided among my heirs as the rest of my estate." The widow and four children survived testator. The widow's death in 1885 was followed by that of the son, Thomas Romeyn Beck, in 1921, leaving to survive him a widow and one daughter. The widow claimed the entire fund in the hands of the trustee, contending her husband, Thomas Romeyn Beck, was owner in fee of the share given for his benefit in trust, while, on the other hand, the contention is he had a life estate only and under the terms of the will his daughter is now entitled to the income and also the principal when the trustee shall see

fit to make distribution. The lower court awarded the fund to the trustee for the benefit of the daughter. The widow appealed.

The will contains no gift of the principal of the fund to testator's son Thomas, nor a gift of the whole income, but merely of such part of the income as the executor deems necessary to provide a good and comfortable home and clothing for him. The intent clearly was to limit the son's interest to his lifetime. Testator desired that Thomas should be comfortably maintained but beyond this the principal and remainder of income, if any, was intended to pass to the son's children, or, if he should leave no children, then to be divided among testator's other heirs. The case is not within the rule that a gift of income of a fund amounts to a gift of the fund itself, for the reason we have here a gift over to children in such proportions as the executor deems advisable, leaving the time of distribution to his discretion, and, in event there should be no children, to heirs. The intent of the testator is so clearly expressed consideration of technical rules of construction is needless.

If necessary, however, to resort to such rules the one that "the gift of the income of a fund does not carry the principal except where there is no limitation over," as stated in Weiser v. Zeigler, 192 Pa. 394, 396, with citation of authorities, and uniformly followed in numerous cases, is conclusive of the question here involved.

The decree of the court below is affirmed at appellant's costs.