## Wetherill's Estate.

*Wills — Construction — Gifts of personalty to "natural heirs" — Rule in Shelley's Case.*

1. The words "natural heirs" in connection with a gift of personalty mean those who would take under the statute of distributions, unless there is something in the context to indicate a contrary intention, and do not exclude the husband.

2. Testatrix left $10,000 to A for life, and at A's death to her children if she had any, or, if not, to her "natural heirs." A died without children: *Held,* that the words "natural heirs" meant those entitled under the statute of distributions; that they took by direct gift from testatrix; that the Rule in Shelley's Case had no application; and that $7500 should be awarded to A's surviving husband and $2500 to her nephews and nieces.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1893, No. 462.

*Joseph H. Grubb, Jr.,* and *Frederick C. Newbourg,* for exceptions.

*Joseph A. Allen* and *Henry S. Borneman,* contra.

HENDERSON, J., July 2, 1924.—By the twelfth clause of her will the testatrix provided as follows: "After the death of my friend Anna M. Peters, I give and bequeath to my niece Elizabeth W. Burgin, wife of Dr. Herman Burgin now of Germantown, Philadelphia, the sum of Ten thousand Dollars during her life and at her death to go to her children if she has any, or if not, to her natural heirs."

Anna M. Peters is dead, and Elizabeth W. Burgin is dead without leaving children, and, hence, the fund passes to her "natural heirs," and the exceptions raise the question as to who are in this class.

The word "heirs" is a technical word when used in connection with real estate, but when used in connection with personal estate, it means those who would take under the statute of distributions, unless there is something in the context to indicate a contrary intention: Eby's Appeal, 84 Pa. 241; Ashton's Estate, 134 Pa. 390; West's Estate, 214 Pa. 35. Under the facts in this case, the statute would give the husband of Elizabeth W. Burgin $5000, and one-half the balance, and the remaining one-half to her nieces and nephews.

It is argued that by the use of the word "natural" before "heirs" the testatrix intended to exclude the husband of her niece. Language to disinherit an heir or the next of kin must be precise and indubitable: Simpson's Estate, 245 Pa. 244. Can we say that the word "natural" should be given this far-reaching effect?

The Oxford Dictionary defines "natural" as "That which is natural or according to the ordinary course of things." The ordinary course of distribution would be for the husband to take his share under the statute. It is urged, however, that we should say that the testatrix intended only those of the same blood with her should take, and such an interpretation would exclude the husband. If the testatrix so intended, she could readily have said so, and in the absence of her direction, we are not prepared to say that this word, which is used so loosely, should be sufficient to exclude one to whom the statute assigns a share.

The auditing judge has directed that, unless the estate of Elizabeth W. Burgin has been settled, this fund should be paid to her personal representatives. This direction was made on the theory that in analogy to the Rule in Shelley's Case, an absolute interest in this fund has been given to Elizabeth W. Burgin, he having regarded the use of the words "to her natural heirs" as words of limitation. We are of opinion that he erred in this, because, in our opinion, the words in question were not used as words of limitation, but

they constitute a direct gift from Rachel Wetherill, our testatrix, to the natural heirs of Elizabeth W. Burgin, who are under the statute her husband and her nieces and nephews. They take directly from the testatrix, and, hence, the awards will be made to them directly, and as the collateral tax was paid in full at the death of the testatrix, no further tax is now due.

The adjudication is modified accordingly, and, as modified, is confirmed absolutely.

GEST, J., did not sit.