## Whitmore's Estate.

*Wills—Construction—Rule in Shelley's Case—Life interests and remainders of different qualities.*

Testatrix bequeathed one-fifth of a fund to her husband, one-fifth to her sister A, and three-fifths to be put at interest, and the interest to be paid to her sisters, B and C, and her brother D; the principal of the two-fifths bequeathed for the use of B and C to be divided, on their deaths, among their heirs; if D should die leaving no children, his one-fifth to be divided among A, B and C, or their heirs. D was childless. The three sisters assigned to D whatever interest they might have, after his death, in one-fifth of the balance of the fund: *Held*, that as the life interests were equitable and the remainders legal, the Rule in Shelley's Case had no application, and that, notwithstanding the assignment, the auditing judge correctly held that three-fifths of the fund should be held in trust during the lives of the life-tenants to protect the interests of possible remaindermen.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1915, No. 659.

THOMPSON, J., auditing judge:

The testatrix died Sept. 15, 1914, leaving a will duly admitted to probate, whereby, *inter alia*, she provided as follows:

"The house & lot on the Corner of Germantown & Willow Grove Aves To be given to my husband & sister Euphemia as long as they desire to live in said house but should they desire to live elsewhere the house must be sold and divided into five shares, one fifth to be given to my husband, one fifth to my sister Euphemia, the remaining three fifths to be put at interest the said interest to be divided with my sister Martha A. Thomson my brother Charles E. Bachman & my sister Mary A. Stotz. The principal of one fifth that each of the last two sisters receive will at their death be divided with heirs of said sisters. If my brother leaves no children his share, one fifth, will be divided among my three sisters or their heirs."

The testatrix left her surviving her husband, Franklin E. Whitmore, three sisters, Euphemia Williams, Martha E. Thomson and Mary A. Stotz, and a brother, Charles E. Bachman.

Testatrix's husband, Franklin E. Whitmore, died Jan. 25, 1922, and by his will devised and bequeathed the residue of his estate to Euphemia A. Williams absolutely. Her brother and sisters are still living.

As appears from the petition for distribution, her sister Euphemia is a single woman; her sister Martha is married and has two children, Harry A. and Miriam A. Thomson, both of full age; her sister Mary is married and has two minor children, Herman J. and Katherine W. Stotz, of whose estates William S. Johnson is guardian *ad litem*; her brother Charles is married, but has no children.

Euphemia A. Williams, the surviving life-tenant, having by writing dated Aug. 16, 1922, signified her intention no longer to occupy said real estate, it was sold, and the proceeds are the subject of the present accounting.

By writing dated Aug. 6, 1924, Martha A. Thomson, Mary A. Stotz and Euphemia A. Williams assigned to Charles E. Bachman whatever interest they might have after his death in one-fifth of the balance in the account.

Messrs. Wolff & Adler, on behalf of the brother and sisters of testatrix, claimed present distribution of the entire principal, on the ground that, as to two-fifths the gift is absolute, and, as to the remaining three-fifths, the testatrix provided that "the principal of the one-fifth that each of the two sisters receive will at their death be divided with heirs of said sisters," the principle in analogy to the Rule in Shelley's Case applies, and the sisters take absolute estates; and, as to the remaining share, the testatrix having provided that if her brother left no children his share would be divided among her three sisters

or their heirs, the income vested in the brother for life and the remainder in testatrix's three sisters, who, by writing referred to, assigned all their interest to Charles E. Bachman. On the other hand, Mr. Bonsall, for the guardian *ad litem* for the minor children of Mrs. Stotz, contended that there arose a trust pending the life of the brother and the two sisters, which must be sustained.

A careful reading of the will clearly discloses three things: First, the testatrix knew how, by apt language, to create an absolute estate. Secondly, as to three-fifths of the fund she separated the income from its source and gave each independently of the other. Third, as to that portion of the fund she did not intend distribution of the principal while her brother and two sisters are living. Is there, then, anything in the will which requires or permits present severance of three-fifths of the fund?

The testatrix directed "the remaining three-fifths to be put at interest, the said interest to be divided with" (among) her sisters Martha and Mary and her brother Charles. It was argued that, as "the principal of one-fifth that each of the last two sisters receive will at their death be divided with heirs of said sisters," and no trustee is appointed, there vested in the sisters a legal life estate in the income and a legal remainder in the principal, which, in analogy to the Rule in Shelley's Case, coalesce, and the sisters take an absolute estate. On the other hand, it was argued that the direction that the principal be put at interest gave the sisters but an equitable estate for life, and that, even if they took an absolute estate in remainder, the two estates, being of different qualities, could not coalesce: Little *v.* Wilcox, 119 Pa. 439; Hemphill's Estate, 180 Pa. 95.

In the opinion of the auditing judge, for the reason presently to be given, the question is prematurely raised, and, without expressing any opinion, observes that the principal is not given to the sisters, but is to be divided "with their heirs" after the life interests terminate.

The limitation over on the death of the brother is clearly to three classes of persons—the brother's children by implication if he leave any (Bechtel *v.* Fetter, 267 Pa. 173; Lippincott's Estate, 276 Pa. 283) ; if not, then the three sisters, if then living; *or* their heirs. These are clearly contingent gifts; the gift to the three sisters, or their heirs in the alternative: Shoenberger's Estate, 22 Dist. R. 126. The interest of the sisters being contingent, their assignment is at present inoperative.

Testatrix's intention clearly was that, so long as her brother and sisters all live, three-fifths of the proceeds of sale should be kept undivided, for she gives them each an equal share of income from the whole principal, and not the whole income of an *aliquot* part: Wilen's Appeal, 105 Pa. 121; and if principal were now divided, or before necessity arises on the death of any of the beneficiaries, the remaindermen in at least the part set aside to secure the income for Charles might not receive one-fifth of the present proceeds.

For the reasons given, whatever may be the interest of persons now living on ultimate distribution or when one of the three beneficiaries dies, and whether or not an active trust is created merely by the direction that the principal "be put at interest, the said interest to be divided," three-fifths of the fund must, while all the beneficiaries live, be held by a trustee to protect the interests of possible remaindermen in a share of the whole thereof, and will be so awarded.

*Otto Wolff, Jr.,* and *Francis C. Adler* (of *Lewis, Adler & Laws),* for exceptions.

*Rodney T. Bonsall,* contra; *J. Lee Patton,* for Commonwealth.

Whitmore's Estate.

LAMORELLE, P. J., Nov. 3, 1924.—A bequest of the interest or product of a fund, without limitation as to the extent of its duration, is a bequest of the fund itself: Thompson's Estate, 234 Pa. 82. If, however, the gift of income is limited, then there is no gift of principal: Weiser v. Zeigler, 192 Pa. 394. In the instant case, exceptant, while admitting the rule, contends that the gift over is void, in that it comes within the Rule in Shelley's Case. But does it?

The will directs a sale of a house in event that the surviving husband and a sister no longer desired to dwell therein; a division of the proceeds, of which two shares are bequeathed outright, and the remaining three are to be put out at interest, which interest is to be divided among two sisters and a brother. In case the brother dies *without children*, his share passes to *three* sisters *or* their heirs; if the two sisters die, their shares to go to their heirs. The property has been sold and the auditing judge, despite the fact that the three sisters have assigned their shares to the brother who is childless, rules that three-fifths of the fund is to be held in trust. In this ruling we find no error. At present, and in the circumstances, the brother has but an equitable life interest, and the sisters have no more. It is well settled that the Rule in Shelley's Case has no application unless the estates of the life-tenants and the remaindermen are of the same quality. See Little v. Wilcox, 119 Pa. 439; Hemphill's Estate, 180 Pa. 95; Wolfinger v. Fell, 195 Pa. 12; Eshbach's Estate, 197 Pa. 153; West's Estate, 214 Pa. 35, and Xander v. Easton Trust Co., 217 Pa. 485. Here, as there is no coalescence, we deem it unnecessary to add to what has already been said by the auditing judge.

All exceptions are accordingly dismissed and the adjudication is confirmed absolutely.