HELEN ROGERS BRADFORD, Plaintiff Below, Plaintiff in Error, *v.* LUCINDA HALL CULBRETH, et al., Defendants Below, Defendants in Error.

(*January* 30, 1941.)

HARRINGTON, Chancellor, LAYTON, C. J., RICHARDS, SPEAKMAN and TERRY, J. J., sitting.

*James R. Morford* for Plaintiff in Error.

*Caleb S. Layton* and *George M. Fisher* for *Lucinda Hall Culbreth,* Defendant in Error.

Supreme Court, June Term, 1940.

LAYTON, Chief Justice:

This is a writ of error to review a judgment entered in the court below on a directed verdict for the defendants. At the October Term, 1938, of Superior Court for Kent County, Helen Rogers Bradford, as widow of Thomas B. Bradford, deceased, brought suit against Lucinda Hall Culbreth and others for the recovery of dower, and damages for the detention thereof, in respect of certain lands and tenements situated in Dover, Delaware. The declaration was in the ancient form, reciting that the defendants had been summoned to answer the plainiff "of a plea that they render unto her reasonable dower which falleth to her out of the freehold of Thomas B. Bradford, deceased", in the lands and premises mentioned and described, together with damages for the detention. One of the pleas filed by the defendants averred that the plaintiff ought not to have dower out of the house and' land because Thomas B. Bradford was not, either on the day on which he married the plantiff or ever after, seised of such estate of and in the

lands and premises that he could endow the plaintiff as alleged in the declaration. A number of questions were argued before and decided by the trial court, and the facts fully appear in the report of the case to be found in 1 *Terry* (40*Del.*) 373, 10 *A.2d* 534. For the purposes of the decision here certain essential facts only need be stated.

The lands and premises described in the declaration are the historic property, known as the Loockerman-Bradford House, consisting of a mansion house and about five acres of land, situated on State Street in Dover. The house was built by one Vincent Loockerman nearly two hundred years ago, and ever since it has been the home of a member of the Loockerman-Bradford family or of one of that blood. In 1879, the property was owned and occupied by Lucinda Hall Bradford, the mother of Thomas B. Bradford and Lucinda Hall Culbreth, the defendant. On the twenty-sixth day of February of that year, she made and executed her last will and testament. She died in 1888, and the will was, thereafter, duly probated.

The will contained the following devise:

"I give, devise and bequeath to my said daughter, the house in Dover now occupied by myself so long as she shall remain single or desires to remain in it. If she marry or for any reason makes another place her home, then I give, devise and bequeath the said house and land belonging thereto, to my eldest son, Thomas B. Bradford."

Thomas B. Bradford, the eldest son of the testatrix, was a practicing physician in the City of Wilmington. He married the plaintiff in error, Helen Rogers Bradford, on December 18, 1888, some months after the death of his mother, the testatrix. On June 30, 1893, Dr. Bradford left his home presumably to attend his patients, and was never heard of again although every reasonable effort was made to ascertain his whereabouts or his fate. Under an old statute (*Rev. Code* 1935, § 117) death is presumed from the ab-

sence from the State "for seven years together, and no evident proof be made of his life in any inquest held * * *".

The defendant in error, Lucinda Hall Culbreth, is the daughter mentioned in the quoted paragraph of the will. She married Huston Culbreth on June 15, 1899.

The plaintiff's demand for dower is based on the theory that her husband, Thomas B. Bradford, presumptively deceased, became seised in his lifetime of an estate of inheritance in the property devised as a result of the defeasance of the life estate therein of his sister, the defendant, brought about by her marriage; and upon a casual reading of the devise it might seem that marriage alone was made an event upon the happening of which the life estate of the daughter would be defeated and an estate in fee simple vested in the son. But when the language of the devise is carefully considered such was not the purpose of the testatrix. The devise contains two sentences. By the first sentence the daughter is given the property so long as she remains single or desires to remain in it. The thought occurs at once that the testatrix, by the use of the disjunctive, contemplated two contingencies, either of them sufficient to cut off the life estate devised to the daughter; and as the daughter did not remain single, her estate became divested by her marriage. But the phrase, "or desires to remain in it", has its peculiar importance in ascertaining the intention of the testatrix. It cannot be cast aside as having no purpose or meaning unless it is entirely inconsistent with the testatrix's general purpose and intent; and if there is anything of obscurity or equivocation in the first sentence, it is dissolved by the language of the second sentence. The intention of the testatrix is made abundantly clear, and is expressed by reading the sentence in this way: "If she marry and makes another place her home, or for any reason

makes another place her home", then over to Thomas B. Bradford.

When the two sentences are read together, as they must be, it is mainfest that the event on the occurrence of which the estate of the daughter was to cease, was not her marriage alone, but the making of her home in some place other than in the family residence. Marriage, in and of itself, was not intended to be a divesting contingency, simply a cause or reason for such eventuality. It was an event which, very naturally and probably, might cause the daughter to make her home elsewhere; but reference to marriage was of no significance except as it might furnish the reason for the daughter's ceasing to live in the property devised. The vital fact or event, intended to give birth to an estate of whatever nature in the son, was the daughter's giving up, for any reason, the ancestral home as the place of her residence.

This construction, if support be needed, is aided by another provision of the will which reads: "The furniture having been put in the house when it was built is to remain in it so long as any of the family live in it. In case of the house being sold to strangers, the furniture and china of all description to be divided as nearly equally as possible". The paramount purpose of the testatrix is discovered to be the prolongation of the occupancy of the property by some member of the family; and this purpose being entirely clear, it is not to be supposed that the testatrix intended to deprive her daughter of the estate devised to her if she, although married, should sustain the desire and purpose manifested by continuing to make the ancient residence her home.

The defendant lives, and always has lived, in the home of her ancestors. Her defeasible life estate has never been divested. Consequently, Thomas B. Bradford, dead

or living, never was, nor is, seised of an estate of inheritance in the property devised, and the plaintiff's demand for dower is without foundation. We decide no more than this fundamental question.

The judgment of the court below is sustained.

TERRY, J., concurs in the result.