WILMINGTON TRUST COMPANY, a Corporation of the State of Delaware, Trustee under the Last Will and Testament of Edgar M. Hoopes, deceased,

*vs.*

BENJAMIN C. MORRIS, JOSEPH M. HOOPES, WILLIAM D. HOOPES, ELSIE HOOPES CORNING, FRANCIS BAIN HOOPES, EDGAR M. HOOPES, III,

Defendants,

ALFRED B. COHEN, MATTHEW RICE, STANLEY S. GRANT and FRED A. HART,

Intervening Defendants.

*New Castle, September 23, 1947.*

*Henry M. Canby,* for Wilmington Trust Company, complainant.

*William Marvel,* of Morford and Morford, for Benjamin C. Morris.

*Robert H. Richards,* of Richards, Layton & Finger, for Joseph M. Hoopes, Elsie Hoopes Corning, Francis Bain Hoopes, and Edgar M. Hoopes, III.

*Albert L. Simon,* for Alfred B. Cohen.

Matthew Rice, Stanley S. Grant, and Fred A. Hart were not represented.

HARRINGTON, Chancellor: Edgar M. Hoopes, the testator, died May 21, 1916, leaving a will which was duly pro-

bated as such by the Register of Wills for New Castle County on June 1st of that year. By the 9th item of that instrument he bequeathed his residuary estate to the Wilmington Trust Company, the complainant, in trust, and directed that, after the payment of $150.00 annually to his sister, Cora M. Hoopes, the balance of the income therefrom be paid to his widow, Elizabeth L. Hoopes, during her lifetime, or until she should remarry. In the latter event, she was only to receive $2,000.00 per annum for life, and the remainder of the income was to be paid in equal shares to the testator's five named children. Should any of his children be dead, leaving no issue surviving, at the time of the remarriage of the testator's widow, he directed that "his, her or their share of said income shall be divided and paid over unto the surviving children, and to the issue of any deceased child or children, such issue to take only the share which his, her or their parent or parents would have taken if then living." If the testator's sister, Cora M. Hoopes, be then living the trustee was directed to reserve a sufficient amount of the principal of the trust fund to continue the annual payments of $150 to her. Upon her death, that part of the corpus was to

"* * * be distributed in the same manner as hereinafter provided for the remainder of my trust estate."

The will then directed

"the remainder of my said trust estate shall be divided into five equal shares, and I direct my said trustee to hold one of the said equal shares for the benefit of each of my children, each to receive the income from his or her respective share for and during the term of his or her natural life."

Upon the death of Elizabeth L. Hoopes, should any of the testator's children be dead leaving issue, they were to take their parents' share of the corpus free of the trust, or should any of his children then be dead without issue, the share of any such deceased child was to be added to the share held in trust

"* * * for the benefit of my remaining children, or for the

benefit of the issue of any deceased child or children under the same provisions and trusts as herein contained, it being my wish that my children shall only receive the income from their respective shares during their lifetime, but the issue of any deceased child or children shall receive, absolutely, free and discharged from any trust, the principal or corpus of my trust estate representing his, her or their parent or parents' share."

The sixth paragraph of the 9th item of the will further provides:

"Upon the death of any of my said children after the death of my wife, I direct my said trustee to pay over absolutely, and free and discharged from any trust, unto his, her or their issue, the principal or corpus of my said trust estate representing the share of the one so dying, or failing issue, then to pay over said principal or corpus unto his, her or their next of kin under the intestate laws of the State of Delaware."

Cora M. Hoopes died November 9th, 1920, and Elizabeth L. Hoopes died February 19, 1921. Joseph M. Hoopes, William D. Hoopes, Elsie Hoopes Corning, Edgar M. Hoopes, Jr., and Mildred Hoopes Morris, the testator's children, survived him and also survived his widow. Edgar M. Hoopes, Jr., died November 20, 1931, leaving three children, Richard Osborne Hoopes, Francis Bain Hoopes and Edgar M. Hoopes, 3rd; Richard died June 11, 1942, unmarried and without issue. Mildred Hoopes Morris, a daughter of the testator, died November 4, 1946, leaving no issue, but Benjamin C. Morris, her husband, survived her.

By an assignment dated April 2, 1947, William D. Hoopes, for a valuable consideration, transferred to the intervening defendants his entire interest in the trust fund, including any share that he might have in that part on which Mildred Hoopes Morris had received the income during her lifetime.

The testator's will provides that upon the death of any of his children, without issue, after the death of his wife, the share in the fund of the one so dying is to be paid "to his, her or their next of kin under the intestate laws of the State of Delaware." That share never belonged to

the child so dying, but was a substitutional gift directly from the testator on the happening of the contingency. *In re Smith's Estate,* 16 *Del. Ch.* 272, 145 *A.* 671; *In re Nelson's Estate,* 9 *Del. Ch.* 1, 74 *A.* 851.

The question for determination, therefore, is who are the "next of kin under the intestate laws of the State of Delaware" of Mildred Hoopes Morris, deceased. Because of the reference to the intestate laws, Benjamin C. Morris claims the entire fund on which his wife had received the income during her lifetime. On the other hand, two of the surviving children of the testator and the children of a deceased son, Edgar M. Hoopes, Jr., as well as the intervening defendants (assignees of William D. Hoopes) deny that Benjamin C. Morris has any interest whatever in that fund.

It has been held in this State that the literal and primary meaning of the words "next of kin," standing alone, is nearest blood relatives. *In re Smith's Estate,* 16 *Del. Ch.* 272, 145 *A.* 671; see also *Garrick v. Lord Camden,* 14 *Ves.* 372; *Hawkins on Wills,* 97; 2 *Schouler on Wills, Ex'rs. & Admrs.,* (6th ed.) § 987. In appropriate cases, the context of the will may, however, affect their ordinary meaning. *In re Smith's Estate, supra; Garrick v. Lord Camden, supra;* see also *Rhoads v. McFarland,* 28 *Del. Ch.* 232, 40 *A.* 2d 542. In this case, the accompanying words "under the intestate laws of the State of Delaware," therefore, somewhat change the ordinary meaning of the phrase "next of kin." and justify the conclusion that the blood relatives included in the statute of distribution, § 3847, *Rev. Code* 1935, were intended to take the substituted gift because of the death of Mildred Hoopes Morris without issue, after the death of the testator's widow. *In re Smith's Estate, supra.* The statute not only makes some changes in the common law rules with respect to the rights of such relatives in intestate property (*In re Smith's Estate, supra; Schouler on Wills, etc.,* § 987), but also contains the following proviso:

"* * * that if the intestate be a married woman at the time of her death, if such married woman shall leave no children, nor the descendants of such living, the husband shall be entitled to such personal estate absolutely."

Relying on this statutory provision, Benjamin C. Morris claims that the word "kin," when used in connection with the phrase "under the intestate laws of the State of Delaware" was intended to have a popular and non-technical meaning. He says that the testator had exhausted his specific desires with respect to the beneficiaries of his property, and by the use of the language in question merely intended that the law should take its course. Some of the modern cases sustain that contention. *In re Young's Estate*, 113 *N. J. Eq.* 233, 166 *A.* 159; *Francisco v. Citizens Trust Co.*, 132 *N. J. Eq.* 597, 29 *A.* 2d 320; *In re West's Estate*, 214 *Pa.* 35, 63 *A.* 407. But a surviving husband is not a blood relative of his wife, and under the law of this State, in the absence of something to indicate that the word "kin" in referring to the statute was intended to be used in a broad and liberal sense, it must be given its ordinary meaning. *In re Smith's Estate, supra; Magee, Adm'r., v. Chambers,* et al., 17 *Del. Ch.* 45, 147 *A.* 306; *Schouler on Wills, etc.,* § 987; *Hawkins on Wills,* 97; 59 *A.L.R.* 1410; see also *Web. Inter. Dict. (2d. Ed. Unabridg.)*—"Next of kin." *Mason v. Baily,* 6 *Del. Ch.* 129, 14 *A.* 309, does not lay down any different rule, though there was some discussion of the general question. In the *Smith* case, the testator's will contained quite similar provisions. He created a trust and directed the income therefrom to be paid to two persons for life. Upon the death of the survivor the trustee was directed to divide the trust estate and to pay an equal share thereof to each of his five sons. If any of them were then dead leaving issue such issue was to take the parent's share. If any had died without leaving issue, the trustee was "then to pay over the share of the son so dying unto his next of kin according to the statute of distribution of the State of Delaware." Two of the testator's sons predeceased the life tenants, but left no issue. Both, however, left widows

who claimed rights under the statute; their claims were rejected by the court. The reference to the "statute of distribution" in the one case, and to the "intestate laws" in the other is to the same statute. Nor is there any substantial difference in the use of the words "under" in the Hoopes will, and "according to" in the earlier will. Among the definitions given for the word "under" by Webster's Dictionary, and Century Dictionary and Standard Dictionary are "in accordance with" and "in conformity with." The statute referred to in the *Smith* case was then *Section* 3382 *of the Revised Code of* 1915. It was subsequently amended and now appears as *Section* 3847 *of the Revised Code of* 1935; but so far as this case is concerned, the amendments are of no importance. They merely make certain changes in the order in which the next of kin of an intestate person shall share in his estate and in the shares which certain persons shall receive.

It is, at least, tacitly conceded that on the happening of any of the contingencies before the death of the testator's widow, provided for in the 9th item, only blood relatives were to participate in the trust fund, and I do not find anything in the context of the will which changes that primary intent or gives the words "next of kin" the broad meaning relied on by Benjamin C. Morris.

The fund on which Mildred Hoopes Morris received the income during her lifetime is, therefore, distributable, clear of the trust, as follows: one-fourth to Joseph M. Hoopes, one-fourth to Elsie Hoopes Corning, one-fourth to Francis Bain Hoopes and Edgar M. Hoopes, 3rd, the surviving children of Edgar M. Hoopes, Jr., and the remaining one-fourth to the assignees of William D. Hoopes.

A decree will be entered in accordance with this opinion.