149 A.2d 745 (1959)
Elizabeth G. MYERS, Appellant,
v.
BANK OF DELAWARE, a corporation of the State of Delaware, Successor Trustee under the Last Will and Testament of Anna B. Bowman, Deceased, Nellie Burke Myers, Hazel Myers, Snakenberg, Selma Myers Schwing, Iris Myers Anderson, Ariel N. Myers, Warren Myers, Clifford Myers, James S. Myers, Claude Myers, Viola Myers Smith, Althia Myers Smith, Donald Myers, Gerald E. Myers, Jeanne-Nell Myers Boe, Eunice W. Finan, Albert T. Whittaker, Ariel M. Whittaker and Merrill R. Whittaker, Appellees.
Supreme Court of Delaware.
April 6, 1959.
Edward W. Cooch, Jr., Wilmington, for defendant below, appellant.
Howard L. Williams and Henry N. Herndon, Jr. (of Morris, James, Hitchens & Williams), Wilmington, for defendants below, appellees, except Nellie Burke Myers.
SOUTHERLAND, C. J., BRAMHALL, Justice, and STIFTEL, Judge, sitting.
*746 BRAMHALL, Justice.
Anna B. Bowman, testatrix, under her last will and testament, after providing certain pecuniary bequests not here material, gave and devised the remainder of her estate to the Equitable Guarantee and Trust Company, now the Bank of Delaware, to pay over the net income therefrom as follows: one-third to the wife of James Myers, a nephew, for life; one-third to James Myers, a great nephew, for life; and one-third to William Myers, a great nephew, for life. Testatrix further provided that after the death of the said wife of his nephew, James Myers, the one-third of the income of the estate payable to her should be distributed as therein provided with respect to the remaining two-thirds thereof. Testatrix then provided that:
"* * * upon the death of my said great nephews and the survivor thereof, then all of said property remaining in the possession of the said Trustee shall be conveyed, transferred and paid to the heirs then living of the said two great nephews."

The wife of James Myers, nephew of testatrix died. Thereafter the entire income from the trust was paid to the great nephews of the testatrix, James and William. James, the great nephew, died on November 28, 1933, leaving numerous descendants, who, as his heirs at law, share in the residuary estate of testatrix. William died on February 25, 1956, leaving a widow, Elizabeth G. Myers, and no issue. The trustee filed a bill for instructions in the Court of Chancery in order to determine if the bequest by testatrix of her residuary estate "to the heirs then living of the two great nephews" included the widow of the deceased great nephew, William Myers. The Chancellor concluded that the widow was not an heir within the meaning *747 of that term as employed by testatrix in her will and therefore not entitled to share as an heir in the remainder of the estate of testatrix. The widow appeals to this court.
The sole question raised by this appeal is: Does the testamentary language used by testatrix "heirs then living of the two great nephews" embrace the surviving widow of the great nephew?
Appellant claims that as the widow of William Myers she is entitled to participate in the residuary estate of testatrix under the clause in her will "heirs then living of the said two great nephews." Appellees assert that the widow is not an heir of the testatrix within the meaning of that term as used in her will.
The paramount rule of testamentary construction is that the intention of a testator as expressed in his will governs the distribution of his estate and that intention, once it has been ascertained, will be given effect unless to do so would violate some settled rule of law or would be contrary to public policy. Bradford v. Culbreth, 1 Terry 373, 10 A.2d 534, affirmed 2 Terry 167, 18 A.2d 143; Murphy v. McBride, 14 Del.Ch. 457, 130 A. 283, affirming McBride v. Murphy, 14 Del.Ch. 242, 124 A. 798. We are unable to find from the contents of the will any language which might be reasonably construed as indicating the intention of the testatrix to include the widow of the great nephew as his heir under the terms of the will of testatrix. We must therefore interpret the meaning of the words "heirs then living of the two great nephews" and determine from such interpretation whether from the legal definition of these words the widow of the surviving great nephew is entitled to share as an heir in the estate of testatrix. Trustees of Protestant Episcopal Church of Diocese of Delaware v. Equitable Trust Co., 26 Del.Ch. 427, 24 A.2d 327.
The words heirs at law, right heirs, next of kin and other similar terms are words whose primary meanings have long been recognized and defined. At common law neither the estate of curtesy nor the estate of dower was an estate by descent and neither the surviving husband nor the surviving wife was technically an heir. See Page on Wills, § 1010, p. 115.
It has been generally held in states where the above rule is still in effect that a gift to the heirs of a designated person does not include the surviving husband or wife. In this state the word "heirs" has been interpreted in several cases as meaning those persons who are related by blood to the decedent. Mason v. Baily, 1888, 6 Del.Ch. 129, 14 A. 309, 319; Magee v. Chambers, 1929, 17 Del.Ch. 45, 147 A. 306; In re Adkins' Estate, 1947, 30 Del.Ch. 603, 55 A. 2d 145. Similarly, in the following cases our courts have held that the words "next of kin", in the absence of contrary language in the testamentary instrument, shall relate to blood relatives and not to a husband or widow. In re Smith's Estate, 1929, 16 Del.Ch. 272, 145 A. 671; Magee v. Chambers, supra; Wilmington Trust Company v. Morris, 30 Del.Ch. 144, 54 A.2d 851. In the case of Mason v. Baily, supra [6 Del.Ch. 129, 14 A. 320], the Chancellor in holding that the husband of testatrix was not entitled to any part of the corpus of the trust, either as right heir or administrator, said:
"`A bequest,' [citing 1 Rop.Leg. c. 2, § 3, pt. 2] `to the heirs of an individual, without addition or explanation, will belong to the next of kin.' `A devise or bequest to next of kin vests the property in the persons (exclusive of the widow) who would take the personal estate in case of intestacy under the statute of distribution.' [citing 2 Jarm.Wills, (4th Amer.Ed.) 28]. A fortiori a devise or bequest to right heirs would vest the property in the persons who are right heirs, to the exclusion of both the widow and the husband. If a widow be not of kin, neither is a husband. They *748 are neither heirs of each other, nor next of kin to each other."
Appellant contends that this provision of the will should be interpreted to conform with the modern statutory provisions relating to the descent of personal property. She cites a number of authorities, including a decision in this state, in support of her contention.
In Title 12 Del.C.1953 § 512(6), it is provided that if the intestate at the time of his or her death leaves no child nor descendants of a deceased child living, the surviving spouse shall be entitled to the intestate's personal property absolutely. Appellant states that under similar statutes it is generally held that in the absence of an expression in a will to the contrary a widow or surviving husband comes within the meaning of the word "heirs". She contends it would be an anomalous situation for a widow or a surviving husband to take under the intestate laws in one case and not under a provision of a will in another case providing for a bequest to the heirs of an ancestor.
The first difficulty which we have with this argument is that we are dealing here not with the heirs of the testatrix but with the heirs then living of a great nephew. The statutory laws of descent are in lieu of dower and curtesy. Dower and curtesy lie only in the estate of deceased spouse, not in an estate of an ancestor. In this case the great nephew had only a life interest in the trust; the corpus never vested in him and the life estate terminated at his death. The widow of a life tenant, in whom the corpus of the trust never vested, had no interest in the estate of an ancestor of her deceased husband.
There is another, and perhaps more important, reason why we cannot construe the words "heirs then living" in accordance with the statute providing for descent of personal property. With the exception of dictum in the case of In re Nelson's Estate, 1909, 9 Del.Ch. 1, 74 A. 851, cited by appellant, the courts of this state, beginning with the decision in the case of Mason v. Baily, 1888, supra, have consistently held that words like right heirs, heirs at law, next of kin, and other words of somewhat similar import, shall, in the absence of contrary language in the testamentary instrument, be given their technical meaning as those persons who are related by blood to the testator through whom they take. Magee v. Chambers, 1929, supra; In re Smith's Estate, 1929, supra; In re Adkins' Estate, 1947, supra; Wilmington Trust Company v. Morris, 1947, supra. All of these cases were decided since the passage of the original statute, appearing in the Revised Code of 1852, Sec. 1840, p. 304, providing for the descent of personal property to the widow or surviving husband.
Thus, for a period of over sixty years, in spite of the decisions above referred to and in spite of the fact that this section was amended on three occasions and was reenacted in the codes of 1915, 1935, and 1953, the Legislature did not see fit to change the law as laid down in these decisions. Under such circumstances we must consider and give some weight to the rule of Legislative adoption. Mayor and Council of Wilmington v. Saint Stanislaus Kostka Church, 10 Terry 5, 108 A. 2d 581. For the same reason we cannot disregard the decisions of the courts of this state holding that words of such import shall be given their technical meaning. Even if we were so inclined, we cannot say that these decisions were clearly wrong in their application to the facts of this case. As previously stated, the heirs referred to are not heirs of testatrix but the heirs of a great nephew. There could be here no strong feeling that the testatrix was particularly interested in the widow of a great nephew. If she had been so interested, it is likely that she would have named her in her will as she did in the case of the widow of the nephew James Myers.
The judgment of the Court of Chancery will be affirmed.