PATRICK H. HEARN and THEODORE H. HASTINGS, Executors of the Last Will and Testament of Elizabeth Culver, deceased,

*vs.*

MARY HASTINGS, JULIA ANNA HASTINGS, CAROLINE MITCHELL, ALPHA BRADLEY, LAURA KNOWLES, WINDER REED, EZEKIEL REED, ELIZABETH PARKER, GLADYS CUTLER, THEODORE H. HASTINGS, CHAUNCEY L. HASTINGS, FRANK YINGLING, PATRICK H. HEARN, ALBERT B. HEARN, SAMUEL H. CULVER, ALBERT IRVINE, BERTHA E. GORDY and KATE FRANCIS.

*Sussex, Sept.* 10, 1930.

*Frank M. Jones*, for complainants.

*James M. Tunnell*, for Julia Anna Hastings.

.THE CHANCELLOR. The question which this bill presents calls for an interpretation of the words "nearest relation." No significance is attachable to the use of "relation" in the singular number. Even without the aid of the contextual phrase—"share and share alike—the singular expression would be construed to include the plural. Where a legacy is given to relations or relatives generally, the authorities hold that the persons to receive the gift are those who would be entitled under the statute of distribution. 2 *Williams on Executors*, (6th Am. Ed.) *p.* 1205. But where the gift, as is practically the case here, is to "my nearest relations," the statute of distribution will be disregarded, and the relations by blood who are nearest will be entitled to receive the gift to the exclusion of those who are more remote. *Ibid. p.* 1207. In addition to the cases cited by Judge Williams in support of his text, the following authorities sustain it. *Locke v. Locke*, 45 *N. J. Eq.* 97, 16 *A.* 49; *Swasey v. Jaques, and others*, 144 *Mass.* 135, 10 *N. E.* 758, 59 *Am. Rep.* 65; *Clark v. Mack*, 161 *Mich.* 545, 126 *N. W.* 632, 28 *L. R. A.* (*N. S.*) 479. See also, *In re Smith's Estate*, 16 *Del. Ch.* 272, 145 *A.* 671, and *Hawkins on Wills*, *97.

The time for determining the nearest relations of the testatrix is the date of her death. *In re Nelson's Estate*, 9 *Del. Ch.* 1, 74 *A.* 851; *In re Smith's Estate, supra*. As of that date Samuel B. Hastings and Mary Hastings, brother and sister respectively of the testatrix were her nearest relations. The children of her then deceased brothers and sisters were more removed in their relationship and are therefore to be excluded in the distribution.

Samuel B. Hastings and his sister Mary were therefore, upon the death of the testatrix possessed of a vested interest in the proceeds derived from the sale of the land after the life tenant's decease. Samuel B. Hastings survived the testatrix but

predeceased the life tenant, leaving a will. His interest in the proceeds should therefore be paid over to his executor.

Let a decree be prepared decreeing the proceeds from the sale to Mary Hastings and the executor of Samuel B. Hastings in equal shares.