THE DELAWARE COUNTY TRUST COMPANY, formerly The Delaware County Trust, Safe Deposit and Title Insurance Company, a corporation of the State of Pennsylvania, Trustee under the Will of John Webster, deceased,

*vs.*

EMMARINE HANBY, LAFAYETTE H. TWADDELL, WILLIAM H. TWADDELL, JOHN W. TWADDELL, CLARA E. DURBORAW, HARRY TWADDELL, ANNA K. MOORE, LAFAYETTE WILDERMUTH, ROY L. WILDERMUTH, ELIZABETH H. RAMSEY, AND LAURA P. WEBSTER.

*New Castle, March* 27, 1933.

*John J. Morris, Jr.,* of the firm of Hering & Morris, for complainant.

*William H. Foulk,* for Laura Webster.

THE CHANCELLOR: Upon the death of the testator, an interest in remainder vested in his children. It was, however, a defeasible interest, because the bequest was to them "or their heirs." The disjunctive "or" has the effect of creating a substitutionary bequest, whereby in the event of the death of any child before the period of distribution, the

share going to that child would shift over to his or her "heirs." *Fisher, Adm'r., v. Barcus, et al.,* 14 *Del. Ch.* 324, 127 *A.* 53. When the "heirs" take in such case, they take as beneficiaries under the testator's will and not in right of their ancestor. *In re Estate of Allen Smith,* 16 *Del. Ch.* 272, 145 *A.* 671; *Fisher, Adm'r., v. Barcus, et al., supra; In re Nelson's Estate,* 9 *Del. Ch.* 1, 74 *A.* 851. It follows, then, that the share bequeathed to each of the three children who predeceased the life beneficiary, constituted no part of the estate of the deceased child.

It goes to such deceased child's heirs. The will so directs. Who are the heirs; or more specifically, can the widow of a son and the widower of a daughter, qualify as "heirs" of their respective spouses? That is the question which the case presents. It is answered in the negative by the case of *Magee v. Chambers, et al.,* 17 *Del. Ch.* 45, 147 *A.* 306, decided by this court in 1929. I can find nothing in the will before me to justify a departure from the principle of interpretation adopted as the rule in that case. The time for the ascertainment of the identity of the heirs of a deceased child is as of the date of such child's death. *In re Estate of Allen Smith, supra; In re Nelson's Estate, supra.*

The result is that the fund is to be divided into four parts. One-fourth goes to Elizabeth H. Ramsey, a living child of the testator; one-fourth to Roy L. Wildermuth, the sole heir of another child; and one-fourth to the children as heirs of Mary E. Twaddell, another child of the testator. Each of those fourths is to be augmented by one-third of the one-fourth, or one-twelfth, of the share intended for the fourth child, Henry L. Webster, who predeceased the life beneficiary leaving no issue.

Decree accordingly.