Roger I. Addy and William R. Errett, Trustees in dissolution of The Bethany Beach Improvement Co., a dissolved Delaware corporation, v. William P. Short, Jehu F. Derrickson and The Bethany Beach Improvement Co., a Delaware corporation.

(*April* 28, 1951.)

TERRY, J., sitting.

*Everett F. Warrington* and *Caleb M. Wright* for the plaintiffs.

*James M. Tunnell, Jr.,* (of Tunnell and Tunnell) for the defendants.

**TERRY, J.:**

 The estate conveyed to the United States by the old corporation (1905) was a fee simple determinable. *Lynch v. Bunting*, 3 *Terry* 171, 29 *A.* 2d 155; 33 *Am. Jur., Pg.* 683. Had the abandonment of said land by the United States taken place prior to the dissolution of the old corporation the title thereto would have immediately passed to the old corporation and its estate therein would have been a fee simple absolute. It is the abandonment of said land by the United States subsequent to the date of dissolution of the old corporation that gives rise to the question to be determined, which is, Was the possibility of reverter possessed by the old corporation as of the date of dissolution a property right that constituted a corporate asset, and, as such, retained after dissolution under the provisions of Section 42 of the *Delaware Corporation Act, Chapter* 65, *Revised Code of Delaware*, 1935? The question is one of first impression in this State. Other jurisdictions lend no assistance of any consequence.

The corporate powers of the old corporation were very limited. Its purposes were those of an ordinary realty company. It purchased and sold real estate and performed sundry other acts incidental to the conduct of such a business.

On November 3, 1940 the old corporation was voluntarily dissolved and on that date its corporate life expired, and, if it were not for the provisions of Sections 42 and 43 of the *Corporation Act*, it would have ceased to exist as completely as does a natural person in death.

Sec. 42. "* * * All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock *but not for the purpose of continuing the business for which said corporation shall have been established * * *.*"

Sec. 43. "When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at anytime, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."

█ Upon voluntary dissolution all of the corporate powers theretofore possessed by the old corporation were terminated, except those that were extended for the three year period of grace as indicated under the provisions of Section 42. *McBride v. Murphy,* 14 *Del. Ch.* 242, 124 *A.* 798; 14 *Del. Ch.* 457, 130 *A.* 283. As to continuance of corporate life upon forfeiture of charter for non-payment of taxes see *Harned v. Beacom Hill Real Estate Co.,* 9 *Del. Ch.* 411, 84 *A.* 229; *Wax v. Riverview Cemetery Co.,* 2 *Terry* 424, 24 *A.* 2d 431.

█ Section 43 provides a remedy for stockholders and cred-

itors of a dissolved corporation which may be invoked for their protection at any time in order to settle and wind up the corporate affairs. The provisions of this section are sufficiently broad to include the appointment of a trustee even after the three year period of grace granted under Section 42. *Harned v. Beacom Hill Real Estate Co., supra; Slaughter v. Moore*, 9 *Del. Ch.* 350, 82 *A.* 963; *Levin v. Fisk Rubber Corp., (Del. Ch.)* 33 *A.* 2d 546.

The plaintiffs concede that the extension of corporate life under the provisions of Section 42 for a period of three years subsequent to dissolution provides only for the limited purpose of prosecuting and defending suits and of enabling the corporation gradually to settle and close its business, to dispose of and convey its property, and to divide its capital stock. They contend, however, that under Section 42 corporate assets are saved for the benefit of creditors and stockholders, and that the possibility of reverter in the aforesaid land possessed by the old corporation as of the date of dissolution constituted a corporate asset which was retained by the corporation under the provisions of said Sections, and that, since the possibility of reverter has now ripened into a fee simple absolute by reason of the termination of the determinable fee, the trustees have such a title in said land that will sustain their right of recovery in this action.

Prior to a determination as to whether or not the possibility of reverter held by the old corporation as of the time of dissolution was retained under the provisions of Section 42, an understanding should be had concerning the significance to be given to the term "possibility of reverter"; that is, What is a possibility of reverter?

The Court of Chancery in this State in the case of *Cookman v. Silliman*, 22 *Del. Ch.* 303, 2 *A.* 2d 166, determined that a bare possibility of reverter is not an estate, is not alienable, assignable, and not devisable in the absence of statute. Our statutes contain no express provisions that would alter the conclusion reached in the Cookman case; thus, it seems apparent that in this

State where a natural person grants a determinable fee he retains no future vested interest in fee or reversion, but merely a naked possibility of reverter which is incapable of alienation, assignment or devise and is not an estate. If he should die while possessed of the possibility of reverter before the termination of the determinable fee, his interest would descend to those who were his heirs at law at the time of his decease and not to those who were his heirs at law at the time of the termination of the determinable fee. *Cookman v. Silliman, supra; Pond v. Douglas,* 106 *Me.* 85, 75 *A.* 320; *North v. Graham,* 235 *Ill.* 178, 85 *N. E.* 267, 18 *L. R. A.* (*N. S.*) 624, 126 *Am. St. Rep.* 189.

Now having determined that the possibility of reverter passes to the heirs at law of a deceased grantor at the time of his death and not as of the time of the termination of the determinable fee the question is, If the right be held by a corporation as of the time of dissolution, is it retained by the corporation for the period of its extended life under the provisions of Section 42? I think not. My reason for this is that since the possibility of reverter possessed by the old corporation was not an estate, was not alienable and was not assignable, it was not such a property right that would constitute a corporate asset as intended under the provisions of the statute. The old corporation had no successor. Such a right could not be in abeyance. Therefore, in the absence of a taker, as in the present case, I am of the opinion that the possibility of reverter became extinguished upon the dissolution of the old corporation on November 30, 1940.

However, let us assume *arguendo* that the possibility of reverter did continue in the old corporation under the provisions of Section 42 as contended for by the plaintiffs. In such case the corporation retained the possibility of reverter during the three year period of extended life, or until November 3, 1943. Now, since the possibility of reverter as previously indicated could not be assigned or disposed of by the corporation, where did it pass upon the termination of the period of extended life, November 3, 1943? The corporation, as previously indicated, had no successor and

again such a right could not be in abeyance; therefore, in the absence of a taker it seems that the possibility of reverter became extinguished upon the expiration of the corporate life on November 3, 1943. At least it may be said that it did not remain in the old corporation in the category of an undisposed of corporate asset subsequent to November 3, 1943.

It makes little difference which of the above stated theories be considered to be the most acceptable approach insofar as a decision in the present case is concerned. This is so for the reason that the abandonment of said land by the United States did not take place until December 19, 1945, more than two years subsequent to the expiration of the three year period of extended life under Section 42.

The plaintiffs, trustees appointed on November 3, 1949 under the provisions of Section 43, never acquired any authority or jurisdiction over the land in question, for the reason that the old corporation never had an estate or property right therein or any title thereto at any time subsequent to the date of conveyance, August 31, 1905, up to and including the date of its dissolution on November 3, 1940. Since the possibility of reverter in the old corporation became extinguished on November 3, 1940, the possibility of reverter was not a corporate asset belonging to the corporation during the three year period of dissolution under Section 42 which remained to be administered upon by the trustees appointed aforesaid.

■ In an ejectment action the plaintiff must recover upon the strength of his own title. The plaintiffs in this action, trustees aforesaid, do not have any title whatsoever to said land; thus, their right of action herein cannot be sustained.

As to where the fee simple title in said land now rests other than in the plaintiffs is not before me. Whether the fee simple title in said land escheats to the State or remains in the United States because of the absence of a taker upon the termination of the determinable fee presents an interesting question.

The defendants' motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied. An order will be entered in accordance with this opinion.