91 A.2d 44 (1952)
DELAWARE TRUST CO.
v.
DELAWARE TRUST CO. et al.
Court of Chancery of Delaware, New Castle.
August 13, 1952.
David F. Anderson (of Berl, Potter & Anderson), Wilmington, for plaintiff.
Thomas Cooch (of Morford, Bennethum, Marvel & Cooch), Wilmington, for defendant Mary S. Rakestraw.
Clair J. Killoran and Clyde M. England, Jr., Wilmington, for defendants Elwood S. Garrett, Victor Garrett, Helen G. Smith, Alice G. Hall, and Thomas Stirn Garrett.
Howard L. Williams (of Hering, Morris, James & Hitchens), Wilmington, for defendant Hilborn Darlington.
BRAMHALL, Vice Chancellor.
On June 14, 1929, the trustor, Kate C. G. Darlington, entered into an inter vivos trust agreement with Delaware Trust Company, a corporation of the State of Delaware. On the same day she also executed her last will and testament. On December 18, 1933, trustor amended the trust agreement. However, we are not concerned here with the amendment.
At the time of the execution of the above instruments, trustor was 71 years of age. Her husband, Dr. Horace H. Darlington, and her only son, C. Canby Darlington, were then living.
*45 The trust agreement provided that the trustee should pay to the trustor during her life the net income therefrom. Upon her death, provided her husband survived her, the income should be paid to him for life. Upon the death of trustor and her husband, her son, C. Canby Darlington surviving, the entire net income was to be paid to the said C. Canby Darlington for his life. Upon the decease of the trustor, her husband and son, the trustee was directed to pay over the corpus of the fund to the then living issue of the son, per stirpes. Should the son die without issue surviving, the trustee was directed to pay the corpus to the heirs-at-law of trustor under the intestate laws of the State of Delaware.
The trustor died on May 12, 1944, a resident of Delaware County, Pennsylvania. Her husband, Dr. Darlington, died on December 16, 1947. Her son, C. Canby Darlington, died on December 20, 1950, without issue, leaving a last will and testament, in which he provided that the whole of his residuary estate should go to the defendant Mary Rakestraw.
The pertinent part of the trust agreement is as follows:
"(f) Upon the decease of the survivor of the party of the first part and Dr. Horace H. Darlington and C. Canby Darlington, and in default of issue of said C. Canby Darlington, then living, to pay out of the principal of the Trust Fund hereby created to such one or both of Catherine S. Darlington and Hilborn Darlington, niece and nephew respectively of said Dr. Horace H. Darlington, as may then be living absolutely, the sum of One Thousand Dollars each, and, in like event, to pay over, transfer and convey the whole of the remainder of the capital or corpus of said Trust Fund absolutely, clear of all Trusts, unto the heirs-at-law of the party of the first part in the manner provided by the laws of the State of Delaware for intestate personal property."
Under the will of the trustor, executed on the same date, she gave certain personal property to her husband, if living at the time of her decease; she devised certain real estate in New Jersey to her son, C. Canby Darlington, absolutely; the remainder of her estate was devised and bequeathed to Delaware Trust Company, as trustee, to be held, administered and disposed of in all respects subject to the terms and conditions of said trust agreement. Testator further provided, with respect to certain real estate in Delaware County, Pennsylvania, that if her son, C. Canby Darlington, should die without issue after the termination of the life estate of Dr. Darlington, the trustee should convey said real estate, or if it had been sold, to pay the amount realized therefrom, without interest, to the heirs-at-law of her husband, Dr. Horace H. Darlington, per stirpes and not per capita, absolutely. The pertinent part of the will is as follows:
"* * * provided, however, that in the event my son, C. Canby Darlington, shall not leave lawful issue living at the time of the decease of the survivor of myself, my husband, Dr. Horace H. Darlington, and my said son, then I direct said Trustee, Delaware Trust Company, upon the death of the survivor of myself, my said husband, and my said son, to convey the real estate situated in the township of Concordville, Delaware County, Pennsylvania, which was conveyed to me under the name of Kate Canby Garrett Darlington, by Matthew Buchanan by deed dated June 10, 1895, and recorded in Delaware County, Pennsylvania, in Deed Book H-9, at page 117, etc., to the heirs-at-law of my said husband, Dr. Horace H. Darlington, per stirpes and not per capita, in fee simple; and provided further, however, that in like event, if my said Trustee shall have sold said real estate under the power of sale contained in said Indenture of Trust, of June 14th, 1929, then to pay over, transfer and convey an amount equivalent to that realized from said sale, but without interest, to the heirs-at-law of my said husband, Dr. Horace H. Darlington, per stirpes and not per capita, absolutely."
*46 The Pennsylvania real estate referred to was sold on October 20, 1944, for the sum of $12,000 by the Delaware Trust Company as trustee. At the time of the death of the son, C. Canby Darlington, Dr. Darlington having pre-deceased him, the only heir-at-law of Dr. Darlington was the defendant Hilborn Darlington.
Delaware Trust Company was named executor under Mrs. Darlington's will and qualified as such in the Orphans' Court of Delaware County, Pennsylvania, where Mrs. Darlington resided at the time of her death. Upon the death of C. Canby Darlington, the trust then terminating, Delaware Trust Company, as trustee, filed its final accounting in said court. By a decree of that court it was ordered that the proceeds of the sale of the Pennsylvania real estate should be distributed to the defendant Hilborn Darlington as the sole remaining heir-at-law of Dr. Darlington and that the trustee should distribute the balance of the property which it had received under the will of Mrs. Darlington pursuant to the laws of this state and in accordance with the trust agreement. Delaware Trust Company, trustee, in compliance therewith, paid over the proceeds realized from the sale of the real estate in Pennsylvania to Hilborn Darlington. It thereupon filed this action to determine who is entitled to the residue in its hands as trustee.
Defendant Rakestraw, sole beneficiary under the residuary clause of the will of C. Canby Darlington, contends that the heirs-at-law should be determined as of the date of the death of Mrs. Darlington. She has also filed a claim, designated as a counterclaim and cross-claim, alleging that the proceeds from the sale of the Pennsylvania real estate should have been administered under the terms of the trust, that the Orphans' Court of Delaware County, Pennsylvania, did not have jurisdiction to administer the trust and that therefore the trustee should have refused to abide by the decree of that court. She further alleges that she was improperly advised by the trustee as to her rights in this respect.
The other defendants contend that the heirs-at-law should be determined as of the date of the death of the last life tenant, C. Canby Darlington, and that distribution should be made accordingly.
Two questions are here presented:
1. Do the heirs-at-law take as of the death of the ancestor or as of the death of the last life tenant?
2. If the heirs-at-law should take as of the death of the ancestor, what are the rights of the defendant Rakestraw with reference to the audit in Pennsylvania of the proceeds of the real estate situate in that State?
However, the disposition of the first will dispose of this case.
1. Do the heirs-at-law take as of the death of the ancestor or as of the death of the last life tenant?
The law in this state and elsewhere is clear that in the absence of a clear and unambiguous indication of an intention to the contrary the heirs-at-law will be determined as of the date of the death of the ancestor and not at the time of the death of the last life tenant or of the time of distribution. Doe ex dem. Wright v. Gooden, 6 Houst. 397, 419; Mason v. Baily, 6 Del.Ch. 129, 14 A. 309; In re Nelson's Estate, 9 Del.Ch. 1, 74 A. 851; In re Estate of Smith, 16 Del.Ch. 272, 145 A. 671; Magee, Adm'r v. Chambers, 17 Del.Ch. 45, 147 A. 306; Hearn v. Hastings, 17 Del.Ch. 229, 152 A. 129; Delaware County Trust Company v. Hanby, 19 Del.Ch. 228, 165 A. 568; Wilmington Trust Co. v. Morris, 30 Del. Ch. 144, 54 A.2d 851. See also Restatement of the Law of Property, Sec. 308, and cases cited in Re Henry, Vt., 134 A. 632, 49 A.L.R. 174, Warren v. Sears, Mass., 22 N.E.2d 406, 127 A.L.R. 602, and Lusk's Estate, 354 Pa. 6, 46 A.2d 494, 169 A.L.R. 207.
However, this is a rule of construction only and it has no application where the instrument under consideration clearly reveals that the testator intended that his heirs should be determined as of some future date. 3 Page on Wills, Sec. 1054. This rule is recognized in this state in the cases of In re Nelson's Estate, supra, 9 Del.Ch. at page 25, 74 A. 851; Doe ex dem. Wright v. Gooden, supra, and other cases above cited. The primary rule of construction is the ascertainment of the intention *47 of the testator or trustor, ascertained from the language of the whole instrument. Bird v. Wilmington Soc. of Fine Arts, 28 Del.Ch. 449, 43 A.2d 476; Crumlish v. Delaware Trust Co., 29 Del.Ch. 503, 46 A.2d 888, 169 A.L.R. 451; Roberts v. Downs, 28 Del.Ch. 293, 42 A.2d 315; Satterfield v. Begley, 28 Del.Ch. 336, 43 A.2d 246; Carrow v. Thropp, 29 Del.Ch. 201, 48 A.2d 379; Campbell v. St. Joseph's Industrial School, 30 Del.Ch. 84, 53 A.2d 768. See also Doe ex dem. Wright v. Gooden, supra.
An examination of the trust agreement and the will of Mrs. Darlington, taken as a whole, shows, that she contemplated a general scheme for the distribution of her estate for the purpose of providing an income for herself and those of her immediate family. In addition, she further provided for the issue, if any, of her son, although he never had any children. Then 71 years of age, she undoubtedly must have determined that her son would be her only heir at the time of her death. She then provided, should her son die without leaving issue, for the termination of the trust and the payment of the principal thereof to her heirs-at-law. In her will she gave the remainder of her estate to Delaware Trust Company, trustee, and directed that the property passing thereunder be administered and disposed of according to the terms of the trust, except for certain Pennsylvania real estate, with respect to which, upon the death of the last life tenant without issue, she directed said trustee to pay the corpus to the "heirs-at-law of my said husband, Dr. Horace H. Darlington".
Considering the general purpose of Mrs. Darlington as demonstrated in these instruments, I must conclude that she did not contemplate her son as the "heirs-at-law" of either herself or her husband. Her intent in this respect is shown in various provisions of the agreement and the will. While many of these provisions would not, standing alone, be sufficient to establish such intention on her part, considering them as a whole and considering the general scheme of distribution as expressed in both instruments, they are conclusive.
Mrs. Darlington provided that the gifts to her heirs-at-law and the heirs-at-law of her husband should not become effective until the termination of her life interest, the life interests of her husband and son, and the death of her son without issue. If she had intended her son to be her only heir-at-law, would it not have been more natural for her to have designated him by name, as she did in the other provisions of these instruments? Would she have referred to him in the trust agreement as "my heirs-at-law" and in the will as the "heirs-at-law of my said husband"? The use of the words "heirs-at-law" under the circumstances in which they were used in this case, in conjunction with other language in the instrument, indicates strongly that Mrs. Darlington did not contemplate that her heirs would be the same as her husband's heirs. Since the son was the sole heir of both, the inference is clear that she did not contemplate him as either.
Many courts, including the Delaware Courts, have held that where the life tenant is a member of a class the fact that he is part of that class does not prevent the life tenant from participating in the remainder of testator's estate. See Doe ex dem Wright v. Gooden, supra. However, the majority ruling with respect to cases in which the life tenant is the sole heir, with which I agree, is that where a person to whom a prior interest has been given is the sole heir of the ancestor there is an incongruity in giving such person all the remainder under the limitation of heirs-at-law. Oleson v. Somogyi, 90 N.J.Eq. 342, 107 A. 798; Heard v. Read, 169 Mass. 216, 47 N.E. 778; Johnson v. Askey, 190 Ill. 58, 60 N.E. 76; Genung v. Best, 100 N.J. Eq. 250, 135 A. 514; In re Hildebrant's Estate, 268 Pa. 132, 110 A. 760. See also Restatement of the Law of Property, Sec. 308-k.
The provision for the benefit of the heirs-at-law is predicated upon the contingency of Mrs. Darlington's son dying without issue. She provided for the termination of the trust upon the death of her son, the last life tenant, by giving the corpus to the issue of her son then living. If the son had *48 left issue surviving, the estate would have gone to that issue living at the time of his death. The time of the taking of such issue was therefore fixed as of the death of the son. It was only then that she provided for the heirs-at-law. It is manifest, therefore, that Mrs. Darlington had in mind the heirs-at-law as of the death of the last life tenant.
Defendant Rakestraw has referred to a number of decisions in this state, in which it was determined that the words "heirs-at-law" related back to the death of the testator. Doe ex dem. Wright v. Gooden, supra; In re Smith's Estate, supra; In re Nelson's Estate, supra; Hearn v. Hastings, supra. An examination of these cases shows that in none of them does it appear that there was any language in the will indicating an intent contrary to the general law. In the Wright case testator devised certain real estate to three of four sons for life, followed by devises for life to his seven daughters, the remainder to his heirs-at-law. The heirs-at-law, with the exception of the son, who received no life estate, were the same as those receiving the life estates. In In re Nelson's Estate, testator gave a life estate to his wife and provided upon her death that the remainder should go to the children of his sisters. In In re Smith's Estate this court held that a devise to the sons of the testator followed by a gift to the issue of any deceased son with the provision that if any of them should die without issue it should go to his next of kin as determined at the time of the particular son's death did not show any peculiarity in the language of the will to suggest the inapplicability of the general rule. In the Hearn case testatrix made a devise to her husband for life and provided that upon her death her executors should sell the real estate and divide the proceeds thereof among her nearest relations.
With respect to these cases it is sufficient to say that our courts therein applied the general rule of construction that in the absence of any clear indication to the contrary the "heirs-at-law" related back to the time of the death of the ancestor. In none of these cases was there sufficient evidence upon which the court might determine that it was the intention of the testator that the heirs-at-law take other than as of the death of the testator.
In this case the contrary intention is not only manifested by the general scheme or purpose which Mrs. Darlington had for the distribution of her estate, but it is confirmed by the language contained in the two instruments: the use of the words "heirs-at-law" in the plural; the use of the words "my heirs-at-law" in the trust agreement and the words "the heirs-at-law of my said husband" in the will; the contingency caused by the uncertainty as to whether or not the son would leave issue surviving him; the fact that the trust did not terminate until after the life estates to Mrs. Darlington, her husband and her son; the fact that she otherwise provided for her son. In the above and other language it is demonstrated conclusively that Mrs. Darlington intended the words "heirs-at-law" to mean heirs-at-law after the death of her son, should he die without issue.
Defendant Rakestraw has questioned the right of the Orphans' Court of Delaware County, Pennsylvania, to construe the will of Mrs. Darlington with relation to the proceeds of the sale of the Pennsylvania real estate. Mrs. Darlington at the time of her death, as well as at the time of the execution of the trust agreement and the will, was a resident of that county and state. Defendant Rakestraw has further requested that the trustee be surcharged with the amount paid by it under the order from the Orphans' Court of Delaware County, Pennsylvania, to Hilborn Darlington, the only heir-at-law of Dr. Horace H. Darlington. She has offered testimony in court and by way of depositions to support her contention. Objection was made to the admission of this testimony on the ground that its purpose was to attack the jurisdiction of the Pennsylvania courts.
Since I have here determined that defendant Rakestraw is not entitled to any part of this fund, and since a determination of this question would not in any manner affect the result, it is not now necessary for me to pass upon the jurisdiction of the Orphans' Court of Delaware County, Pennsylvania, with reference to the proceeds of *49 the sale of certain real estate in that county and state or to rule upon the objection of the other parties to this action to the admission of testimony offered in support of her contention.
An order will be signed, upon notice, in accordance with this opinion.