Joseph A. Cox, S.
In this construction proceeding the court is asked to determine whether the remainders of three residuary trusts vested in the primary remaindermen who are named in the testator’s will or, by reason of the death of a remainder-man during the trust terms, his estate has no present interest in the trust principals. A corollary question arises as to whether the testator’is “ heirs at law”, referred to in article eleventh of the will, are to be ascertained as of the date of the testator’s death or are to be ascertained as of the termination date of each trust.
By subdivisions (b) and (d) of article eighth of his will the testator established two trusts for the life of his wife with the income from each trust payable to her for life. In respect of each trust the testator directed that, upon his wife’s death, his trustees “ distribute and pay over one-half (%) of the trust corpus to my son, Herbert parsons patterson, or if he be *798 not then living, to- his issue per stirpes, and distribute and pay over the remaining one-half (%) of the trust corpus to my grandson, rtjptts le-noxr patterson iv, or if he be not then living, to his issue per stirpes .”
In subdivision (f) of article eighth of his will the testator established a trust for the lifetime of his mother with the trust income payable to his mother, son, grandson, or their issue, vesting discretion in one of his trustees as to the distribution and allocation of the income among them. The testator directed that, upon the death of his mother, the principal of this trust be divided into two equal parts and distributed as follows :
“ (i) One (1) such equal part to my son, hekbert parsons patterson, if he be then living, and if he is not living at such time, to his issue per stirpes.
(ii) One (1) such equal part to my grandson rueus lenoir patterson iv, if he be living, or if he is not living at such time, to his issue per stirpes.”
The testator died on August 4,1962. His wife, son and mother are still living and the described trusts are continuing. On January 17, 1964 Rufus Lenoir Patterson IV, the testator’s grandson, died. At the time of his death the said grandson was 19 years of age and without issue. It now becomes necessary to solve the question created by his untimely death without issue in order to fix his estate’s tax liability (Matter of Doerschuck, 8 Misc 2d 422, 429; Matter of Lederer, 4 A D 2d 623).
The quoted portions of this will explicitly condition the remainder dispositions to the grandson of the testator upon his being alive at the termination of the particular trust. Such remainder bequests clearly are contingent upon the survival of the grandson and, by reason of his death prior to the termination of any trust, he acquired no vested remainder interest which would be payable to his estate at a later date (Matter of Urchs, 39 Misc 2d 186, affd. 20 A D 2d 291; Matter of Storm, 18 A D 2d 656; Matter of Burdsall, 128 Misc. 582, affd. 221 App. Div. 756). Matter of Krooss (302 N. Y. 424) is without application to the construction of this will for the reasons stated at length in Matter of Urchs (supra).
Article eleventh of the testator’s will reads as follows:
1 ‘ eleventh : In the event that the whole or any part of my estate shall be or become undisposed of by reason of there being no beneficiary surviving to take the same as directed under the foregoing provisions of this my Last Will, then my executors hereinafter named or the survivor or successor of them or *799 either of them shall pay over and distribute the same to my heirs at law in the manner and proportions provided by the laws of descent and distribution of the State of New York.”
The obvious purpose of article eleventh was to prevent a partial intestacy but it is equally obvious that the testamentary direction is the equivalent of a direction for intestate distribution of any property passing at the testator’s death and, as to such property, the testamentary direction is wasted. However, the testator also spoke of property which “ shall * * * become undisposed of ” by lack of a beneficiary and it can be seen that, in respect of such property, a direction for distribution to the testator’s heirs at law would be quite meaningful if, but only if, his heirs at law be determined as of the time for distribution and not as of the earlier date of the testator’s death. The fact that the testator contemplated distributions subsequent to his own death is established not only by his reference to parts of his estate which should be or become undisposed of but also by his grant of authority to the successors of his executors. The court construes this latter authority as one conferred upon the trustees.
Throughout this will a pattern can be perceived which points to the conclusion that the testator intended to benefit living persons only. Thus in subdivision (a) of article eighth he made an outright bequest to his wife “if she survives me” and in subdivision (e) of the same article the testator made a bequest to his son and grandson and provided “or if either or both of them be not then living to his or their respective issue per stirpes.” In each of the above instances the testator clearly required survivorship as a condition of the gift. To hold that heirs at law were to be determined as of the date of the testator’s death would frustrate the prevailing intent of the will and could result in a distribution of trust remainders through the estates of the same persons who were the income beneficiaries and contingent remaindermen of the trusts. If the primary gift is contingent, the substituted gift to heirs also is contingent and the class of heirs is to be determined upon the termination of the trust, at the time for distribution of trust principal (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 102; Matter of Sayre, 1 A D 2d 475, 480, affd. 2 N Y 2d 929; Matter of Carlin, 6 A D 2d 281, affd. 6 N Y 2d 914; Matter of Fishel, 167 Misc. 145; Matter of Smith, 42 Misc 2d 1081).
It is held that the testator’s grandson Rufus Lenoir Patterson IV acquired no interest in the trusts herein under consideration.