**DELAWARE TRUST COMPANY, a Delaware corporation, Trustee under the Will of Mary McCune Harper, Plaintiff,**

v.

**John C. McCUNE, Curtiss S. McCune, Irene McCune Detweiler, Elizabeth McCune Murphy, Bank of Delaware (formerly Equitable Trust Company), a Delaware corporation, Executor under the Will of Cornelia McCune Patterson, and Delaware Trust Company, a Delaware corporation, Executor under the Will of Edmund McCune, Defendants.**

Court of Chancery of Delaware, New Castle.

July 30, 1970.

———◆———

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, for plaintiff and for defendant Delaware Trust Co., Executor under the Will of Edmund McCune.

James M. Tunnell, Jr., and Richard S. Paul, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants John C. McCune, Curtiss S. McCune, Irene McCune Detweiler and Elizabeth McCune Murphy.

Rodney M. Layton and Jane R. Roth, of Richards, Layton & Finger, Wilmington, for Bank of Delaware (formerly Equitable Trust Co.), Executor under the Will of Cornelia McCune Patterson.

SHORT, Vice Chancellor:

Plaintiff, trustee of a testamentary trust under the will of Mary McCune Harper, seeks instructions as to the proper distribution of the corpus of the trust. The case is before the court for decision upon the record consisting of the pleadings, stipulations of counsel and the wills of Mary McCune Harper and deceased claimants.

Mary McCune Harper (testatrix) died on August 6, 1943, a resident of New Castle County, Delaware. By her will testatrix made a number of specific bequests to various relatives and provided:

"ITEM X. I give and bequeath unto Delaware Trust Company, a corporation as aforesaid, two hundred (200) shares of the Common Stock of E. I. duPont deNemours & Co., Incorporation, IN TRUST, NEVERTHELESS, to hold or sell, and invest, reinvest and keep the same invested, to collect the income therefrom and pay over the net income at convenient intervals to my niece, Elizabeth McCune Patterson VanPelt, during the period of her natural life. From

and after the death of my said niece, the trustee shall pay the net income from the trust fund unto the children and issue of deceased children of my said niece, per stirpes, until her son, Charles Patterson VanPelt is twenty-one (21) years of age, at which time the trustee shall assign, transfer and deliver the principal of said trust fund unto the children and issue of deceased children of my said niece, per stirpes, free and clear of any and all trusts. If the said Charles Patterson VanPelt shall die before reaching the age of twenty-one (21) years, then upon his death the trustee shall assign, transfer and deliver the principal of the trust fund unto the children and issue of deceased children of the said Elizabeth McCune Patterson VanPelt, per stirpes, or if there be no living issue of my said niece, unto my next of kin according to the intestate laws of the State of Delaware."

At the death of the testatrix her total estate was valued at nearly $2,000,000. The value of the corpus of the trust created in Item X was approximately $29,000. The corpus has undoubtedly appreciated greatly in value.

The life tenant of the trust, Elizabeth McCune Patterson VanPelt, died on July 25, 1969, without surviving issue, her son, Charles Patterson VanPelt, having predeceased her before reaching the age of twenty-one, also without issue. The trust is now distributable to the "next of kin according to the intestate laws of the State of Delaware."

The issue before the court is one of construction of the trust: When are the "next of kin" of the testatrix within the meaning of Item X of her will to be determined, at the date of her death, or at the date of the termination of the trust?

The claimants to the trust fund are the defendants, Delaware Trust Company, Executor under the will of Edmund Curtiss McCune, brother of testatrix, who died on September 4, 1950, Bank of Delaware, Ex-

ecutor under the will of Cornelia McCune Patterson, sister of testatrix, who died on December 29, 1946, and the four children of another brother of the testatrix, John C. McCune, who died in 1921. The four children, defendants John C. McCune, Curtiss S. McCune, Irene McCune Detweiler and Elizabeth McCune Murphy, are all living and will be referred to as the "individual defendants." If the date for determining testatrix' "next of kin" should be determined to be the date of her death, August 6, 1943, all of the defendants would be entitled to participate in the distribution of the trust. If the date for determining the class is the date of the termination of the trust, July 25, 1969, only the individual defendants would participate.

The claimants all recognize the long settled Delaware rule of construction that if a will designates "heirs" or "next of kin" as beneficiaries, the class is to be ascertained as of the time of the testator's death and not at the time of the death of the last life tenant unless a clear and unambiguous intention to the contrary appears. See Delaware Trust Co. v. Delaware Trust Co., 33 Del.Ch. 135, 91 A.2d 44, 38 A.L.R. 2d 318; Bedyk v. Bank of Delaware, 40 Del.Ch. 140, 176 A.2d 196.

Individual defendants contend that this rule of construction must give way to the intent of the testatrix as is shown in the testamentary instrument and circumstances surrounding its execution. They argue that the pattern of her bequests to living members of her family, the small proportion of the trust corpus to the gross estate, the advanced age of her brother and sister who were beneficiaries of substantial legacies under other items of the will, and the contingent nature of the interests created in Item X clearly show that the testatrix intended that the "next of kin" be determined as of the date of the termination of the trust.

The executors of testatrix' brother and sister argue that there is nothing in testatrix' will to indicate an intent that deter-

mination of her "next of kin" should be postponed until the date of death of the life beneficiary of the trust.

■■ I can not agree with the view of the executors. The cardinal rule of will construction is to ascertain and give effect to the intent of the testator which is to be determined from the language of the entire will when read in the light of the surrounding circumstances. Bird v. Wilmington Society of Fine Arts, 28 Del.Ch. 449, 43 A.2d 476. There can be no doubt that it was testatrix' intent to confine the benefits of the trust and the corpus thereof upon termination to persons within her blood line. It is equally clear that the scheme of the will was to benefit only living persons within the blood line or related to testatrix by marriage. This is apparent from the fact that each of the specific bequests, ten in number other than the trust, was expressly conditioned on the legatee's surviving testatrix. The same condition applied to the residuary clause which named testatrix' brother, Edmund Curtiss McCune, as sole beneficiary, if he survived her. Such manifestations of intent when coupled with the contingent nature of the interests created in the trust have been generally regarded as excepting the case from the rule of construction ordinarily applied to bequests to testatrix' "next of kin." In re Patterson's Estate, 45 Misc.2d 797, 257 N.Y.S.2d 742; Matter of Sayre's Will, 1 A.D.2d 475, 151 N.Y.S.2d 506; National Bank of Fairmont v. Kenney, 113 W.Va. 890, 170 S.E. 177; First New Haven National Bank v. First New Haven National Bank, 153 Conn. 490, 217 A.2d 710; Merril Trust Co. v. Perkins, 142 Me. 363, 53 A.2d 260.

No Delaware case is precisely in point though the presence or absence of some of the factors here appearing has been observed. Thus in Delaware Trust Company v. Delaware Trust Company, supra, this court held that the circumstances there present required that testatrix' "heirs at law" be determined as of the time of death of her son, the last life beneficiary. The court recognized the contingent nature of the trust interests and in detailing the incidents upon which its determination was based pointed out that testatrix otherwise provided for her son who would have been her sole heir if "heirs at law" had been held ascertainable at the time of her death. Here too, testatrix otherwise provided substantially for her brother and sister.

In Bedyk v. Bank of Delaware, supra, the Supreme Court, in applying the general rule that absent a contrary intention appearing in the will "heirs at law" or "next of kin" are to be ascertained as of the time of the testator's death, observed that the main object of the testator's bounty was a friend—"not his blood relatives," and that except as contingent beneficiaries of the residue the next of kin were not provided for. The converse situation is here present.

I am satisfied that to apply the fiction of the general rule to the facts of this case would frustrate the testatrix' obvious intention to benefit only living persons within her blood line. That being her intent as found in the will it is appropriate to consider facts which have arisen since testatrix' death to show how her intent would be otherwise thwarted. Under the wills of testatrix' brother and sister two-thirds of the trust principal would pass to charities and persons outside of testatrix' blood line. Thus the effect of applying the fiction, which would speak as of testatrix' death, would be to substitute for then living persons in her blood line charities and persons unrelated to testatrix.

The trustee is instructed to make distribution of the trust funds held under Item X of the will of Mary McCune Harper to the children of testatrix' brother, John C. McCune, deceased, they being her "next of kin" according to the meaning and intent of testatrix.

An appropriate order, on notice, may be presented.