**BANK OF DELAWARE, formerly Equitable Trust Company, a Delaware corporation, Executor under the Will of Cornelia McCune Patterson, and Delaware Trust Company, a Delaware corporation, Executor under the Will of Edmund McCune, Defendants Below, Appellants,**

v.

**DELAWARE TRUST COMPANY, a Delaware corporation, Trustee under the Will of Mary McCune Harper, Plaintiff Below, Appellee,**

and

**John C. McCune et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

June 29, 1971.

Rodney M. Layton and Jane R. Roth of Richards, Layton & Finger, Wilmington, for Bank of Delaware, defendant below, appellant.

David F. Anderson and Richard L. McMahon of Potter, Anderson & Corroon, Wilmington, for Delaware Trust Co., defendant below, appellant.

James M. Tunnell, Jr. and Richard S. Paul of Morris, Nichols, Arsht & Tunnell,

Wilmington, for Delaware Trust Co., plaintiff below, appellee, and individual defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM.

In this proceeding arising from a request for instructions as to the proper distribution of the corpus of the trust, the Chancery Court's opinion appears at 269 A.2d 256. For the reasons therein stated, we affirm the conclusion of the Chancery Court as to the intent of the testatrix. It is our opinion that the language of the Will, when viewed in its entirety and in the light of surrounding circumstances, is abundantly clear to warrant the conclusion reached by the Chancery Court as to intent.

The appellants rely upon Bedyk v. Bank of Delaware, Del.Supr., 176 A.2d 196 (1961). We find no error in the Chancery Court's application of the rule of that case.

The appellants also complain that the Chancery Court relied upon certain cases in other jurisdictions holding that when contingent gifts are made to a class, determination of the membership of the class is deferred until the gift vests. In view of our holding that the intent of the testatrix is clear on the face of the Will, we do not reach the latter point.

The order below is affirmed.