**BANK OF DELAWARE, Trustee under Agreement dated June 30, 1928 with Frank N. Overdeer, Plaintiff,**

v.

**BANK OF DELAWARE, Executor u/w Margaret F. Overdeer, et al., Defendants.**

Court of Chancery of Delaware,
New Castle.

March 14, 1972.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

Henry R. Horsey, of Morris, James, Hitchens & Williams, Dover, for defend-

ant Bank of Delaware, Executor U/W Margaret F. Overdeer.

Samuel R. Russell, of Wilson & Russell, Wilmington, for defendants Norman W. Hiller, Jr., Ruth O. Kramer, Abner R. Overdeer, Jr., Anna R. Overdeer, Robert H. Overdeer, and Ralph B. Pennington.

Robert W. Wakefield, of Walker, Miller & Wakefield, Wilmington, for Hamilton P. Fox, Jr., Administrator of the Estate of defendant Mildred A. Morris.

DUFFY, Chancellor:

Bank of Delaware, Trustee under an *inter vivos* trust agreement with Frank N. Overdeer, seeks instructions as to the persons to whom distribution of trust corpus should be made. Defendants are Bank of Delaware, as Executor under the Will of Trustor's daughter, Margaret F. Overdeer (Margaret's Executor), certain relatives of the Trustor who constitute his next of kin both at his death and at the date of his daughter's death (other defendants), and the Estate of Mildred A. Morris, a beneficiary under the Will of Peter H. Overdeer. Peter, one of Trustor's next of kin at the time of his death, predeceased Margaret. This is the decision on cross motions for summary judgment by Margaret's Executor and by other defendants.

### A.

On June 30, 1928 Mr. Overdeer entered into an *inter vivos* trust agreement with the Equitable Trust Company (now Bank of Delaware) which provided for payment of net income of the trust to the Trustor's wife, Sarah, and to Margaret in equal shares during their lives, the survivor to receive all of such income during the remainder of her life.

Upon the death of both Sarah and Margaret, the Trustee was instructed:

" . . . to divide the net income thereafter arising from the said trust fund equally among the children of the said Margaret F. Overdeer, until the youngest of such surviving children shall attain the age of twenty-one years . . . .

AND UPON FURTHER TRUST when the youngest living of the children of the said Margaret F. Overdeer shall attain the age of twenty-one years, to divide the principal of the said trust fund into as many parts or shares as there shall be children of the said Margaret F. Overdeer then living . . . ."

In the event that Margaret died without leaving issue, the agreement provided:

"AND IN FURTHER TRUST in the event of the death of both the said Sarah E. Overdeer and the said Margaret F. Overdeer, the said Margaret F. Overdeer leaving to survive her no children nor lawful issue of a deceased child or children, to pay the net income thereafter arising from the said trust fund unto the said Donor, for and during the term of his natural life and upon his decease, to divide, assign, transfer and pay over the whole of the said trust fund, principal and accumulated income to such person or persons who may then be his next of kin according to the statutes of distribution of the State of Delaware then in force, free and discharged from all trusts."

Mr. Overdeer died on February 16, 1947; his wife died on June 14, 1949; Margaret died on July 18, 1970, unmarried and without issue.

### B.

The complaint seeks instructions as to these questions:

(1) Are the Trustor's next of kin to be determined as of his death or as of Margaret's death?

(2) If next of kin are to be determined as of the Trustor's death, is Margaret excluded from taking as a next of kin?

## C.

It is settled Delaware law that in the absence of a clear and unambiguous indication of an intention to the contrary, next of kin are determined as of the date of death of the ancestor and not at the time of death of the life tenant. Delaware Trust Company v. McCune, Del.Ch., 269 A.2d 256 (1970), aff'd sub nom. Bank of Delaware v. Delaware Trust Co., Del. Supr., 280 A.2d 534 (1971); Delaware Trust Co. v. Delaware Trust Co., 33 Del. Ch. 135, 91 A.2d 44, 38 A.L.R.2d 318 (1952). But this is a rule of construction, only, and it has no application when the instrument shows an intention that next of kin be determined as of some future date.

Mr. Overdeer provided for most contingencies but he did not expressly state what disposition was to be made if his only child, Margaret, survived him and died without issue. And that is what happened. The heart of the matter thus centers around construction of the failure of issue provision in the agreement. Since it does not, literally, contemplate the chain of events which actually occurred, it may not be given literal effect. But this is not to say that the provision should be ignored. On the contrary, I think it reasonable to assume that the Trustor intended this provision to cover all possible sequences of events. This is especially so because only the least likely series of events is literally contemplated by the provision.[1] Construction is called for and under our cases the object is to ascertain and give effect to the intention of the Trustor as shown by the provision and the agreement as a whole. Bird v. Wilmington Society of Fine Arts, 28 Del.Ch. 449, 43 A.2d 476 (1945); Delaware Trust Co. v. Delaware Trust Co., supra.

Margaret's Executor contends that the words " . . . to pay the net income . . . [to] . . . Donor . . . and upon his decease, to . . . pay over the whole of the said trust fund . . . to such person or persons who may *then* be his next of kin . . ." (emphasis added) show an intent to have next of kin determined as of the time of death of the Trustor. Other defendants argue that the language shows an intention to have next of kin determined at the end of all life estates.

The Executor's argument is certainly supported by a reading of the language when one focuses on the word "then" and its position in the paragraph. That is, it appears following the language providing for a life estate to the Donor. But the difficulty with that contention is that the *entire* paragraph deals with a sequence of events which did not occur, i. e., Mr. Overdeer did not survive his wife and/or daughter. So while it might be said that Mr. Overdeer intended that his next of kin be determined as of the date of his death, it must also be said that any such intention was based on the assumption that he would survive Margaret and his wife.

Other provisions of the agreement regarding disposition of income or principal after the life estates specify that income shall be paid only to Margaret's surviving children or issue of deceased children; and principal was to be divided among the children "then living" or their surviving issue. Thus, the beneficiaries under these provisions were to be determined *after* the life estates of Margaret and Sarah Overdeer had terminated. And it is clear that these provisions were intended to benefit only living, blood relatives of the Trustor by limiting distribution to Margaret's children or their issue surviving to the date of distribution.

Viewing the document as a whole, there would be a certain incongruity in a construction which would, under one provision, limit Margaret's interest to that of a life tenant whose children must survive

1. At the time of execution of the trust agreement, the Trustor was 64 years of age and his wife was living; Margaret was 20.

her to benefit, and which would, under a second provision, give Margaret the benefits of a sole remainderman. Such contrary intentions should not normally be found in the same instrument. Delaware Trust Co. v. Delaware Trust Co., supra, and annotation at 30 A.L.R.2d 393, 416 (1953).

 The provision for benefit of next of kin is contingent upon Margaret's death without issue; had she left issue surviving, the estate would have gone to them. The time of taking was therefore fixed as of Margaret's death and it was the date the next of kin were provided for. I conclude that Mr. Overdeer intended that next of kin be determined at the time of Margaret's death. Compare Delaware Trust Co. v. Delaware Trust Co., supra, and Delaware Trust Co. v. McCune, supra.[2]

A construction which would determine next of kin at Mr. Overdeer's death in 1947, some twenty-three years before Margaret died, would certainly require that she be included in that clause; and any exclusion of Margaret as next of kin would indeed be artificial. But it is obvious that Mr. Overdeer did not contemplate his daughter as his next of kin; his plain purpose was to limit her participation to a life estate. The conclusion which I reach gives effect to that purpose.

Finally, the construction which Margaret's Executor would place on the failure of issue provision would, in the normal course of events, result in benefiting estates of deceased relatives and (possibly) unrelated persons, rather than living relatives. Such a construction is not acceptable when the remainder of the instrument evidences an intention to benefit living, blood relatives of the Trustor.

I conclude that the word "then" in the failure of issue provision refers to the end of all life estates created under the trust

agreement and not to the date of death of the Trustor in the present factual situation. Therefore, Trustor's next of kin should be determined as of the date of Margaret's death.

In view of this conclusion it is not necessary to consider the second question.

\* \* \*

The motion of other defendants for summary judgment will be granted, the motion of Margaret's Executor will be denied.

circumstances in which the respective instruments did not show an intention to do otherwise.

---

2. Bedyk v. Bank of Delaware, 40 Del. 140, 176 A.2d 196 (1961) and Security Trust Co. v. Irvine, 33 Del.Ch. 375, 93 A.2d 528 (1953), apply the general rule under