**BANK OF DELAWARE, Executor U/W of Margaret F. Overdeer, et al., Defendants-Below, Appellants,**

v.

**BANK OF DELAWARE, Trustee U/A June 30, 1928 with Frank N. Overdeer, Plaintiff-Below, Appellee,**

v.

**Ruth O. KRAMER et al., Defendants-Below, Appellees.**

Supreme Court of Delaware.

Jan. 3, 1973.

Henry R. Horsey, of Morris, James, Hitchens & Williams, Dover, for Bank of Del., Executor U/W Margaret F. Overdeer.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for Bank of Del., Trustee.

Gerald C. Foulk, of Walker, Miller & Wakefield, Wilmington, for Hamilton P. Fox, Administrator of Estate of Mildred A. Morris, and Bank of Del., Trustee U/W of Willis L. Overdeer.

Samuel R. Russell, of Wilson & Russell, Wilmington, for individual defendants.

WOLCOTT, C. J., HERRMANN, J., and WRIGHT, Judge, sitting.

WOLCOTT, Chief Justice.

This case involves a trust in which the settlor left a life estate to his daughter and the remainder to his "next of kin" in the event his daughter should die without issue. The settlor predeceased his daughter, and the daughter died without issue. The basic issue in this case is whether, in construing the trust instrument, the settlor's next of kin should be determined at the time of settlor's death or at the time of the life tenant's death.

The Court of Chancery entered summary judgment in favor of the next of kin as determined at the date of the life tenant's death. Certain other parties appeal that decision.

The Opinion below is reported at 289 A. 2d 639. We affirm that decision for the reasons stated therein.

We emphasize, however, that our decision is not to be taken as overruling

the rule of construction that, absent a clear and unambiguous manifestation of contrary intent, next of kin will be determined at the time of death of the ancestor rather than at the time of the death of the life tenant. Bedyk v. Bank of Delaware, Del. Supr., 40 Del. 140, 176 A.2d 196 (1961); Doe d. Wright v. Gooden, Del.Super., 6 Houst. 397 (1881).

We affirm that rule. Nonetheless, we concur with the Court below's conclusion that the trust instrument, taken as a whole, manifests clearly and unambiguously, an intent on the part of the settlor to have his next of kin determined at the date of the life tenant's death. Hence, the rule is inapplicable.

For the reasons stated in its Opinion, the decision of the Court below is affirmed.